POSNANSKI, Appellant, v. CITY OF WEST ALLIS, Respondent.

*No. 164. Argued November 26, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 51.)

463

For the appellant there was a brief by *Teper & Tepper* of Milwaukee, and oral argument by *Terry D. Teper.*

For the respondent there was a brief by *William T. Schmid* of West Allis, attorney, and *H. Victor Buerosse* of Milwaukee, of counsel, and oral argument by *Mr. Buerosse.*

HEFFERNAN, J.   The trial judge took evidence in an extensive hearing covering the greater part of two days. In that hearing, evidence was produced by the city that the property was out of repair, dilapidated, unsafe, and unfit for human habitation, occupancy, or use. The trial judge so found, although there was testimony of the property owner that disputed the proof of the city. We have examined the record and find that the trial judge's findings were proper and were not contrary to the great weight and clear preponderance of the evidence.

The trial judge also found that the cost of repairs would exceed 50 percent of the value of the structure as determined by the statutory formula of sec. 66.05 (1) (b), Stats. The city produced evidence tending to show that the reasonable cost of repairs would exceed $6,659, a sum almost equal to the undisputed full formula value of $6,856. The property owner, on the basis of her numerous property holdings and past experience, testified that the cost to place the structure in a proper state of repair would not exceed $1,330.

Initially it should be noted that the trial judge placed little credence in the property owner's testimony and said so. He commented on the fact that she had been a prior litigant in the court and had found that her credibility, in matters of this kind at least, was questionable. He also pointed out that many of the costs relied upon were based on outdated figures and were of little present probative value. He stated that he did not believe that her estimates represented realistic cost figures.

The trial judge, when acting as the fact finder, is the ultimate arbiter of the credibility of a witness. His

determination in that respect will not be questioned unless his finding is based upon caprice, an abuse of discretion, or an error of law. Under the circumstances here, the expressed refusal of the trial judge to give credence to the testimony of Mary Posnanski eliminates any necessity of this court's review of the quantum of evidence. There was evidence produced by the city which was believed. There was evidence produced by the property owner that was not believed. We need not in these circumstances apply the test of "contrary to the great weight and clear preponderance of the evidence." Such test is appropriate only when credence could be given to both sides of conflicting testimony. Under such circumstances this court is obliged to determine whether a finding is contrary to the great weight and clear preponderance of the evidence. It is not obliged to do so when the finder of fact chooses to find incredible the testimony upon which an appellant relies.[2] Even if the trial judge did not consider the trustworthiness of Mary Posnanski suspect, were we to give full weight and credence to her testimony, the finding based on the city's proof was not contrary to the great weight and clear preponderance of the evidence.

The property owner, in addition, argues that sec. 66.05 (1)(b), Stats., is unconstitutional because it rigidly, arbitrarily, and capriciously, without consideration of the

---

[2] As used herein, incredible means not believed by the trier of fact. The term incredible evidence has a different meaning when applied to evidence that is incredible as a matter of law. Used in that sense, " 'Incredible evidence is evidence in conflict with the uniform course of nature or with fully established or conceded facts.' " *Simos v. State* (1972), 53 Wis. 2d 493, 495, 496, 192 N. W. 2d 877, quoting from *Phoenix Ins. Co. v. Wisconsin Southern Gas Co.* (1970), 45 Wis. 2d 471, 484, 485, 173 N. W. 2d 610. In reviewing the finding of a jury or a judge acting as the fact finder, this court will uphold the finding unless the evidence believed was incredible as a matter of law.

circumstances of varying types of cases, has established that repairs in excess of 50 percent of the formula value are unreasonable and not to be permitted as an alternative to razing the structure.

The general constitutionality of sec. 66.05 (1) (b), Stats., was established in *Appleton v. Brunschweiler* (1971), 52 Wis. 2d 303, 190 N. W. 2d 545, which held there was no constitutional infirmity in a statute that prohibits unreasonable or impractical repairs to be made in restoring a condemned building. We stated:

". . . that if the repairs to a building are unreasonable as defined in the statute the building must be razed even though it could be made safe by the expenditure of unreasonable cost of repairs." (P. 309)

*Brunschweiler* did not go to the point at issue here. It appears that the appellant herein would not argue that a municipality, under proper legislation, could not prevent the rebuilding of a dilapidated structure if the cost of so doing was unreasonable. Rather, the argument is that the selection of the benchmark of 50 percent of the formula value is an arbitrary figure unrelated to the needs of an individual case.

Our reading of the statute, however, persuades us that the legislative intent was merely to create a presumption that the repairs were unreasonable if their cost exceeded 50 percent of the formula value. This is the plain and unequivocal meaning of that portion of sec. 66.05 (1) (b), Stats., that provides "such repairs shall be *presumed* unreasonable and it shall be *presumed* for the purposes of this section that such building is a public nuisance." (Emphasis supplied.)

We conclude that the presumption is rebuttable. Other portions of the statutes are instructive in respect to the legislature's meaning, *e. g.*, sec. 421.301 (37), Stats. 1971, provides:

" 'Presumed' or 'presumption' means that the trier of the issue must find the existence of that which is presumed unless and until evidence is introduced which would support a contrary finding."

Similarly, in Wisconsin's Commercial Code, sec. 401.201 (31), Stats., " 'Presumption' or 'presumed' means that the trier of fact must find the existence of the fact presumed unless and until evidence is introduced which would support a finding of its nonexistence."

In the instant case the trial judge considered the presumption to be a rebuttable one.

Under some circumstances, however, it would be reasonable to repair a building at a cost in excess of 50 percent of its market value. Without attempting to foreclose the consideration of other factions in future cases, it would seem clear that to refuse to allow the rebuilding of an irreplaceable historic or cultural site, merely because its restoration would exceed 50 percent, would be arbitrary and capricious.

The property owner did not, however, seek to overcome the statutory presumption by arguing that it was reasonable for her to repair the building even though the costs exceeded 50 percent of the formula value. She merely argued that the repairs could be accomplished for less than 50 percent of the formula value. The evidence to support that view was not believed by the trial judge.

In any event the presumption expressed in the statute (which places a burden upon the property owner to show facts to the contrary), setting the benchmark of unreasonableness at 50 percent, cannot be challenged as unreasonable in this court. *Boden v. Milwaukee* (1959), 8 Wis. 2d 318, 99 N. W. 2d 156; *State v. Laabs* (1920), 171 Wis. 557, 177 N. W. 916. Only if a property owner can show that the legislature's formula operates arbitrarily in the individual case can a court, after due consideration of the legislature's declared public policy of

ridding the state of old and dilapidated buildings, make a finding that a reconstruction in excess of the 50 percent limit be allowed.

In view of the legislature's declaration of a strong public policy to the contrary, this will be the rare case indeed. Only if it can clearly be said that the operation of the legislative rule is without any rational basis in the individual case may a court find that the presumption is not applicable.

*By the Court.*—Order affirmed.