Franklin D. HEATWOLE, Petitioner-Appellant,

v.

Carolyn M. HEATWOLE, Respondent.

Court of Appeals

*No. 80–1960. Submitted on briefs June 17, 1981.—*
*Decided July 21, 1981*
(Also reported in 309 N.W.2d 380.)

For the petitioner-appellant the cause was submitted on the briefs of *Frank & Frank Law Offices* by *Katherine M. Frank* of Janesville.

For the respondent the cause was submitted on the brief of *Brennan, Steil, Ryan, Basting & MacDougall, S.C.,* by *James E. Welker* of Janesville.

Before Decker, C.J., Cannon, J., and Hanley, Reserve Judge.

DECKER, C.J.    The issues in this appeal from a divorce judgment are the value at the time of divorce of petitioner's interest in a pension fund consisting of vested employee contributions and nonvested employer contributions, and the division of the marital estate. We conclude that the trial court failed to exercise discretion in valuing the pension interest and dividing the estate, reverse the judgment, and remand the matter with directions.

The parties stipulated that at the time of divorce, petitioner's pension plan was funded by petitioner's contributions of $11,000, and employer contributions of $11,000. Petitioner's contributions were vested, but the employer contributions were not: under the plan, petitioner's interest in the employer-contributed funds was subject to forfeiture if his employment was terminated before he attained the age of 55, and in any event, upon his death.

The parties, by stipulation, attempted to limit the trial court's exercise of discretion to the legal determination of whether the value of the petitioner's interest in the fund was limited to his vested interest, or whether it also included his nonvested interest in the employer contributions. This stipulation provided that if only the vested interest was to be considered, the value of petitioner's interest would be $11,000. Alternatively, if both vested and nonvested interests were to be considered, the value would be $22,000. The trial court ruled that both interests had to be considered, and in accordance with the stipulation, valued petitioner's interest in the fund at $22,000. Petitioner appeals, contending that his interest in the fund should be limited to $11,000.

We reject the validity of the purported stipulation in this case. As petitioner concedes in his reply brief, the trial court had no choice but to consider both vested and nonvested interests in determining petitioner's interest in the pension plan. Sec. 767.255 (9), Stats. *See Bloomer v. Bloomer,* 84 Wis. 2d 124, 129 n. 3, 267 N.W.2d 235, 238 n. 3 (1978) ; *Leighton v. Leighton,* 81 Wis. 2d 620, 633–34, 261 N.W.2d 457, 463 (1978). The stipulation purported to narrow the issue for the trial court's determination to a question which both parties now concede was not an issue.

After presenting the alternatives of an $11,000 or $22,000 evaluation of the pension benefits to the trial court, the stipulation for division of the marital estate went further and actually divided the $11,000 difference in valuation. It accomplished this by providing for transfer of the home of the parties to Carolyn M. Heatwole subject to a $17,500 mortgage to Franklin D. Heatwole in the event the trial court chose the lower valuation, or a $12,000 mortgage in the event of the selection of the higher valuation.

The true issues in this case are what is the value of petitioner's interest in a pension fund comprised of vested and nonvested contributions, and how is the asset to be divided, if at all. "[T]he trial court retains broad discretion in valuing pension rights and in dividing them between the parties." *Bloomer v. Bloomer, supra,* 84 Wis. 2d at 134, 267 N.W.2d at 240. Where a pension fund is comprised in part of nonvested contributions, the trial court "must consider all of the circumstances and evaluate the probability that the party who has a contingent right to a pension will eventually enjoy that pension." *Leighton v. Leighton, supra,* 81 Wis. 2d at 635, 261 N.W.2d at 464. Because there is no indication in the record that the trial court ever entered into this judicial exercise of discretion in valuing at $22,000 petitioner's interest in the pension fund, we must reverse the judgment and remand the matter for a proper determination of value, and a redetermination of property division.

We think the combined effect of the two stipulations tended to obscure a discretionary consideration by the trial court of whether the value of the employer's invested contributions to Franklin D. Heatwole was in fact the $5,500 that he was charged by virtue of the reduced mortgage obligation to him from Carolyn M. Heatwole. We find no evidence in the record sufficient to permit the exercise of judicial discretion, and upon remand the parties are ordered to present evidence sufficient to enable the trial court to "evaluate the probability that the party who has a contingent right to a pension will eventually enjoy that pension." *Leighton v. Leighton, supra.*

Petitioner argues that his interest in the employer contributions is so highly speculative that the trial court should have limited interest in the pension fund to peti-

tioner's contribution, or $11,000, citing the first method of valuation in *Bloomer v. Bloomer, supra,* 84 Wis. 2d at 135, 267 N.W.2d at 241. *See Selchert v. Selchert,* 90 Wis. 2d 1, 10, 280 N.W.2d 293, 297–98 (Ct. App. 1979). If the trial court in the exercise of its discretion had considered all circumstances and reached this conclusion, or any other conclusion not against the great weight and clear preponderance of the evidence, we would be obliged to affirm. On the record before us, however, it is clear that the trial court never exercised the required discretion in valuing the pension because it was not presented with evidence sufficient to permit such exercise.

*By the Court.*—Judgment reversed, and cause remanded with directions.