Drew C. NOLL, Plaintiff-Respondent,

v.

DIMICELI'S, INC., Defendant-Respondent.

Court of Appeals

*No. 82–2347. Submitted on briefs September 15, 1983.—
Decided October 25, 1983.*
(Also reported in 340 N.W.2d 575.)

For the defendant-appellant the cause was submitted on the briefs of *Edward R. Cameron,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Harold Harris,* of Milwaukee.

Before Wedemeyer, P.J., Decker and Brown, JJ.

WEDEMEYER, P.J. Dimiceli's, Inc., (Dimiceli's) appeals from a judgment entered November 26, 1982, wherein the trial court awarded Drew C. Noll (Noll) $9,565.99 as damages. On appeal Dimiceli's argues that the trial court made the following errors: (1) finding that Michael Volpe (Volpe) was the agent of Dimiceli's; (2) granting damages based on the theory of *quantum meruit;* and (3) awarding Noll interest on the judgment at the rate of seven percent from May 1, 1980, to November 26, 1982, the date the judgment was entered. Because we conclude that the trial court's finding that Volpe was Dimiceli's agent is not clearly erroneous, we affirm issues one and two; however, because the legal rate of prejudgment interest is only five percent, we modify that part of the judgment awarding Noll interest at the rate of seven percent from May 1, 1980, to November 26, 1982.

On August 11, 1977, Noll met Volpe at the "Talk of the Town" tavern. At this meeting, Volpe informed Noll that he was managing the tavern for Dimiceli's. Volpe told Noll that he needed some money for remodeling work and was looking for someone to do it. Noll advised Volpe that he was available to do the work. An agreement was reached wherein Noll invested $5,000 in return

■

for twenty percent of the net profits of the tavern. Noll did the remodeling work, but never received any of the profits of business nor a return of his $5,000 investment. Further facts will be discussed as are necessary for the resolutions of the issues.

Dimiceli's argues that the trial court erred by finding that Volpe was its agent. We disagree.

■

Dimiceli's states that a trial court's determination regarding whether a principal-agent relationship exists is a question of law to which we need not give any deference. On the contrary, the determination of whether a principal-agent relationship exists is a question of fact for the trier-of-fact. The question turns on facts concerning the understanding between the alleged principal and agent. *See Soczka v. Rechner,* 73 Wis. 2d 157, 163, 242 N.W.2d 910, 913 (1976).

■

On review of a factual determination made by a trial court without a jury, an appellate court will not reverse unless the finding is clearly erroneous. *See* sec. 805.17 (2), Stats. While we now apply the "clearly erroneous" test as our standard of review for findings of fact made by a trial court without a jury, cases which apply the "great weight and clear preponderance" test to the same situation may be referred to for an explanation of this standard of review because the two tests in this state are essentially the same. *Robertson-Ryan & Associates v. Pohlhammer,* 112 Wis. 2d 583, 591 n.*, 334 N.W.2d 246, 251 n.* (1983) (Abrahamson, J., dissenting). In applying the "great weight and clear preponderance" test our supreme court has stated:

The evidence supporting the findings of the trial court need not in itself constitute the great weight or clear preponderance of the evidence; nor is reversal required if there is evidence to support a contrary finding.

Rather, to command a reversal, such evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence. In addition, when the trial judge acts as the finder of fact, and where there is conflicting testimony, the trial judge is the ultimate arbiter of the credibility of the witnesses. When more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the inference drawn by the trier of fact. *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 249–50, 274 N.W.2d 647, 650 (1979). [Citations omitted.]

We have reviewed the record in this appeal and conclude that the trial court's finding is not clearly erroneous. The record reflects that Volpe acknowledged that he was merely the manager of the tavern, but that he had authority to make arrangements which were binding upon the corporation. It was established that Joe Dimiceli was aware that Noll was doing remodeling work at the tavern and that Noll had invested money in the business. Accordingly, we must affirm the trial court's finding.

Dimiceli's next argues that the trial court erred in granting damages based on the theory of *qauntum meruit*. The sole basis for this argument is that Noll's work was not done at the request of Dimiceli's but at the request of Volpe. Because we have held above that the trial court was correct in finding that Volpe was Dimiceli's agent, we conclude that the trial court properly granted damages based on the theory of *quantum meruit*.

Lastly, Dimiceli's argues that the trial court erred by awarding Noll interest on the judgment at the rate of seven percent from May 1, 1980, to November 26, 1982, the date the judgment was entered. We note that Noll

concedes that the trial court erred in so doing because the interest rate is only five percent. We agree with the parties and, accordingly, modify the judgment to provide for interest at the rate of five percent from May 1, 1980, to November 26, 1982.

*By the Court.*—Judgment modified, and as modified, affirmed.