Siglinde Ella PETERSON, Petitioner-Appellant,

v.

Donald Laverne PETERSON, Respondent.

Court of Appeals

*No. 84-244. Submitted on briefs August 12, 1985.—
Decided September 25, 1985.*
(Also reported in 376 N.W.2d 88.)

For the petitioner-appellant the cause was submitted on the briefs of *Michael Jan Steckelis* of Madison.

For the respondent the cause was submitted on the brief of *William H. Wenzel* and *Heilprin Law Offices, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Siglinde Peterson appeals from the property division portion of a divorce judgment. The sole issue is whether the trial court erred when it assigned no value to the respondent's retirement plan. We conclude that the trial court properly assessed the plan's value—or lack of it—and we therefore affirm.

The trial court has broad discretion in valuing pension rights and dividing them between the parties. *Heatwole v. Heatwole,* 103 Wis. 2d 613, 616, 309 N.W.2d 380, 382 (Ct. App. 1981). In so deciding, it must "evaluate the probability that the party who has a contingent right to a pension [whether vested or unvested] will eventually enjoy that pension." *Leighton v. Leighton,* 81 Wis. 2d 620, 635, 261 N.W.2d 457, 464 (1978). We will

affirm the valuation if the court considered the relevant facts and its conclusion is not clearly erroneous. *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983) ; *Heatwole,* 103 Wis. 2d at 617, 309 N.W.2d at 382.

Appellant argues that the trial court must assign some value to the retirement plan. We disagree.

At trial, an accountant testified that respondent's interest in the retirement plan had a present value of $10,160. The trial court rejected this valuation, noting that the respondent (age thirty-nine) contributed nothing financially toward the plan and could not collect the full amount until the year 2008, and, even then, "he must not only be still living, but still in the employment of the company." The court found "no assurance" of this fact on the basis of the evidence of the physically demanding nature of appellant's work, his admission that he was considering a new job, and the fact that only one employee had actually received a "full retirement" from the employer since 1972.

A court is not obliged to adopt even uncontradicted testimony if it is inherently improbable or if there is other evidence in the case that renders it against reasonable probabilities. *Lazarus v. American Motors Corp.,* 21 Wis. 2d 76, 84, 123 N.W.2d 548, 552 (1963). The trial court exercised its discretion in concluding that the accountant's testimony as to valuation was speculative and improbable, and that conclusion is not clearly erroneous.

*By the Court.*—Judgment affirmed.