STATE of Wisconsin,† Plaintiff-Appellant,

v.

Robert P. WURTZ, Defendant-Respondent.

Court of Appeals

*No. 87–0998–CR. Submitted on briefs September 15, 1987.—*
*Decided October 6, 1987.*

(Also reported in 416 N.W.2d 623.)

† Petition to review denied.

795

For plaintiff-appellant there were briefs by *Michael Furnstahl,* district attorney, Menomonie.

For defendant-respondent there was a brief by *Phillip M. Steans,* of Menomonie.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. The state brings an interlocutory appeal from an order suppressing a statement Robert P. Wurtz allegedly made while in a self-induced hypnotic trance. The state contends that Wurtz's statement is admissible because in a prior appeal we concluded that the trial court had not abused its discretion by admitting the statements. The state argues that our holding establishes the law of the case and is binding on retrial. Because the admissibility of these statements is discretionary and the trial court

---

[1]Upon the order of the Chief Judge, this has been issued as a three-judge opinion pursuant to sec. 809.41(3), Stats.

did not abuse its discretion by suppressing the statements on retrial, we affirm.

The state charged Wurtz with three counts of fourth-degree sexual assault pursuant to sec. 940.225(3m), Stats. These offenses arose from allegations made by J.E.L., a friend of Wurtz's daughter, who was spending the night at the Wurtz residence. J.E.L. alleged that on three separate occasions during the night, Wurtz entered the room in which she was sleeping and sexually assaulted her.

As part of his investigation, officer Frank Bammert interviewed Wurtz twice. During the first interview, Wurtz indicated that he could not remember any pertinent details regarding the night of the alleged sexual assault. He stated that he had been drinking and was taking Actifed and that the combination may have affected his recollection. In an effort to refresh Wurtz's recollection, Bammert showed him a videotaped statement of J.E.L. However, Wurtz still could not remember the details of the alleged assault.

In a second interview, Wurtz volunteered to induce in himself a hypnotic trance to assist in recalling the events that occurred on the night in question. During the alleged hypnotic trance, Wurtz engaged in a one-sided conversation while Bammert took extensive notes.

Prior to Wurtz's first trial, the trial court denied his motion to suppress the alleged hypnotic statements. Wurtz was convicted of all three counts of fourth-degree sexual assault.

On appeal, we reversed the conviction and remanded for a new trial on unrelated grounds. One of the issues we addressed was the admissibility of statements made under the self-induced hypnotic

trance. We concluded that the trial court had not abused its discretion by admitting Wurtz's statements.

Following remand, a new judge was assigned to preside at the retrial. During the pretrial hearings, Wurtz again requested suppression of the alleged hypnotic statements. The trial court granted the motion suppressing the statements because it found them unreliable and the record of the statements incomplete.

The state argues that our determination that the original trial court had not erred by admitting the statements established the law of the case. It contends that under the law of the case doctrine, the subsequent trial court is required to admit the statements. We disagree.

To better understand the state's contention and our action in resolving the initial appeal, it is helpful to briefly restate the various standards of appellate review. There are three broad areas of review by an appellate court: findings of fact, conclusions of law, and the exercise of discretion. As to the first, the trial court's findings of fact are treated deferentially and not disturbed unless they are contrary to the great weight and preponderance of the evidence.[2] *Cogswell v. Robertshaw Controls Co.,* 87 Wis. 2d 243, 249–50, 274 N.W.2d 647, 650 (1979).

As to the second, a trial court's conclusions of law are reviewed without deference to the trial court's

---

[2]We now apply the "clearly erroneous" standard as codified in sec. 805.17(2), Stats. However, the "clearly erroneous" test and the "great weight and clear preponderance" test are the same. *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983).

determination and, as resolved by the appellate court, control the disposition of the issues of law in that case. *Ball v. Dist. No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Finally, the exercise of a trial court's discretion is treated deferentially. Discretion itself consists of the trial court making certain findings of fact, applying the proper law to those facts, and reaching a reasoned conclusion. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20–21 (1981). We will not reverse a discretionary ruling unless the trial court has abused its discretion. *Oostburg State Bank v. United S&L Ass'n,* 130 Wis. 2d 4, 11–12, 386 N.W.2d 53, 57 (1986).

We agree that under the law of the case doctrine, legal conclusions are binding upon a subsequent trial judge. *State v. Brady,* 130 Wis. 2d 443, 446–47, 388 N.W.2d 151, 153 (1986). However, when an appellate court affirms a discretionary ruling, its decision does not reflect the law of the case unless a question of law is resolved. Accordingly, those issues we determine "as a matter of law" are binding on the trial court whether questions of law raised directly on appeal or questions of law utilized in the exercise of a trial court's discretion. *Id.* at 447–48, 388 N.W.2d at 153–54.

We hold that the subsequent trial court on remand is not limited to the discretionary decisions made by the original court, but is bound only to apply the law determined by the appellate court in reaching a reasoned conclusion. Judicial discretion is by definition an exercise of proper judgment that could reasonably permit an opposite conclusion by another judge.

*See Hartung,* 102 Wis. 2d at 66, 306 N.W.2d at 20–21. The facts found, if supported by the record, and the court's reasoned conclusion remain functions of the trial court as part of the process of the exercise of discretion.

Reasons of policy also compel this conclusion. Were a subsequent trial court restricted in its exercise of discretion, it's ability to adequately and effectively address issues as they arise in a second trial would be severely limited. The order of trial, evidentiary rulings, and many pretrial motions are addressed to the trial court's discretion. To limit discretion to that exercised in the previous trial is to restrict the tools necessary for the subsequent court to assure a fair trial for all litigants.

With these principles in mind, we next address the issue whether our evidentiary holding in *State v. Wurtz,* No. 86–0033–CR, unpublished slip, op. at 10–13 (Wis. Ct. App. Jan. 27, 1987), binds the subsequent trial court on remand to admit Wurtz's hypnotic statements under the law of the case doctrine. We conclude that it does not.

In *Wurtz,* this court reviewed that portion of the first trial court's exercise of discretion that involved making an evidentiary ruling. *See State v. Fishnick,* 127 Wis. 2d 247, 257, 378 N.W.2d 272, 278 (1985). The trial court made determinations of fact and reached a reasoned conclusion based upon the factual findings. This court specifically stated that we could not determine that the statements were admissible as a matter of law. This court affirmed the trial court's exercise of discretion because the record supported the findings of fact, the trial court applied the proper law, and

801

reached a reasoned conclusion in determining that the statements were admissible.

Our holding in *Wurtz* did not restrict the subsequent trial court's exercise of discretion. Therefore, we next determine whether the second trial court abused its discretion in reaching a conclusion directly opposite of that of the first trial court. We will sustain the second trial court's determination of admissibility unless that court has abused its discretion.

We conclude that the second trial court did not abuse its discretion. The second court clearly noted that its decision to suppress the hypnotic statements was discretionary. The court found as fact that the statements were the product of unreasonable suggestiveness and the notes of Wurtz's statements were an incomplete written summary of Wurtz's utterances. While these findings differ from the findings made by the initial trial court, there is adequate evidence in the record to support them. *See* sec. 805.17(2), Stats. The trial court then applied the findings of fact it had made to the law as set forth in *State v. Armstrong,* 110 Wis. 2d 555, 574, 329 N.W.2d 386, 396 (1983), *cert. denied,* 461 U.S. 946 (1983), which is the same case upon which this court relied in reviewing the initial trial court's determination. Applying the proper standard of law to these facts, the court concluded that Wurtz's statements were not admissible.

Because the second trial court, like the first, reached findings supported by the record, applied the proper law, and reached a reasonable conclusion based upon a logical process, we find no abuse of discretion. *See Hartung,* 102 Wis. 2d at 66, 306 N.W.2d at 20–21. Just as we could not say as a matter of law that the initial court erred by admitting the statements, we

cannot now say as a matter of law that the subsequent trial court abused its discretion by suppressing the statements.

The state also challenges the trial court's ruling on another ground. In its ruling, the second trial court also concluded that Wurtz's utterances were inadmissible pursuant to ch. 908, Stats. The court found that Wurtz's utterances were not statements as defined by sec. 908.01(1), Stats., because Wurtz did not intend the utterances to be assertions. The state contends that the court erred in this analysis. While we agree, we conclude that the court did not rely on this reasoning in reaching its conclusion.

The court erred by ruling that the statements were inadmissible because Wurtz did not intend them as assertions. Such an analysis would preclude the admission of all statements made while in a hypnotic trance, which is clearly contrary to the holding in *Armstrong,* 110 Wis. 2d at 574–75, 329 N.W.2d at 396.

However, the trial court's exercise of discretion was unrelated to this error of law. The court did not rely upon sec. 908.01(1) in exercising its discretion, but merely advanced a second reason for reaching its decision. Consequently, its evidentiary determination may be affirmed on appeal. *See State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982) (quoting *Haswell v. Reuter,* 171 Wis. 228, 231, 177 N.W. 8, 9 (1920)).

*By the Court.*—Order affirmed.