IN RE the MARRIAGE OF: Judith A.
LOVELAND, Petitioner-Respondent,

v.

Thomas J. LOVELAND, Appellant.†

Court of Appeals

*No. 87–2065. Submitted on briefs August 31, 1988.—Decided
November 17, 1988.*

(Also reported in 433 N.W.2d 625.)

† Petition to review denied.

605

For the appellant the cause was submitted on the brief of *Thomas L. O'Neil* and *O'Neil & Ziwisky,* of Watertown.

For the petitioner-respondent the cause was submitted on the brief of *Jeffrey J. Kassel* and *La Follette & Sinykin,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Thomas Loveland appeals from an order applying the property division provisions in the judgment divorcing him from Judith Loveland. As

amended in 1983, the judgment provides that Judith is entitled to an amount equal to one-fourth of Thomas's military pension accrual, based on twenty-one years of service. Thomas receives a military pension. He also receives disability benefits from the Veterans Administration. Thomas contended that the amounts he receives by way of disability benefits must be excluded when computing the amount payable to Judith. The trial court concluded that under the circumstances, Judith's computation is based upon the total of the pension and disability payments. We agree and affirm.

In 1986 Thomas retired from the army after twenty-six years of service. As allowed by 38 U.S.C. sec. 3105, after he retired, Thomas elected to receive part of his retirement benefits as disability payments from the Veterans' Administration. The trial court found that Thomas made the election for tax reasons and that it did not change the total amount he receives.

Thomas contends that the power of Wisconsin courts to treat his disability as divisible property has been preempted by 10 U.S.C. sec. 1408(c)(1), which provides:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member [of the armed forces] for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. sec. 1408(a)(4) defines "[d]isposable retired or retainer pay," so far as is material, as the total monthly retired pay to which a military retiree is entitled, less amounts which have been "waived in order to receive compensation under ... Title 38 ...."

Title 38, entitled "Veterans' Benefits," allows waiver of retirement pay in order to receive disability benefits. 38 U.S.C. sec. 3105 provides in relevant part,

> Any person who is receiving pay pursuant to any provision of law providing retired or retirement pay to persons in the Armed Forces ... and who would be eligible to receive pension or compensation under the laws administered by the Veterans' Administration if he were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by which such retired or retirement pay is paid of a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation.

■ Judith contends that because Thomas did not raise the preemption issue at the trial court level, he cannot raise the issue on appeal. As a general rule, we will not consider issues raised for the first time on appeal. *Pabst Brewing Co. v. Milwaukee,* 125 Wis. 2d 437, 459, 373 N.W.2d 680, 691 (Ct. App. 1985). However, because federal preemption affects the trial court's subject matter jurisdiction, a preemption claim may be raised on appeal even if not argued to the trial court. *Chicago & N. W. R. Co. v. La Follette,* 27 Wis. 2d 505, 512, 135 N.W.2d 269, 273 (1965).

Other state courts have dealt with the issue whether Congress's adoption of 10 U.S.C. sec. 1408 preempts state courts from treating military disability benefits as property subject to division in divorce actions. At least one court has concluded that states are preempted from doing so. *In re Marriage of Costo,*

203 Cal. Rptr. 85, 89 (Cal. Ct. App. 1984).[1] *King v. King,* 386 N.W.2d 562, 564 (Mich. Ct. App. 1986), may be another. Cases to the contrary include *Casas v. Thompson,* 720 P.2d 921, 931 (Cal. 1986), *cert. denied,* 479 U.S. 1012 (1986); *Campbell v. Campbell,* 474 So. 2d 1339, 1342 (La. Ct. App. 1985); and *White v. White,* 734 P.2d 1283, 1286 (N.M. Ct. App. 1987) (accepting the analysis in *Casas*).[2]

In *Casas,* the issue was whether a California court awarding a former spouse an interest in a military retiree's pension is limited to dividing "disposable retired or retainer pay" as defined in 10 U.S.C. sec. 1408(a)(4). The *Casas* court concluded that Congress created 10 U.S.C. sec. 1408, known as the Federal Uniform Services Former Spouses' Protection Act, in response to the U.S. Supreme Court decision in *McCarty v. McCarty,* 453 U.S. 210 (1981). The *McCarty* Court had held that federal law impliedly preempted state community property law and prohibited division of military retirement pay. *Casas,* 720 P.2d at 925.

Basing its analysis partly on legislative history, the *Casas* court concluded that the purpose of 10 U.S.C. sec. 1408 "is to remove obstacles the state courts may encounter in applying their divorce laws

---

[1]It is difficult to reconcile *Costo,* a 1984 California Court of Appeal decision, with *Casas v. Thompson,* 720 P.2d 921 (Cal. 1986), a California Supreme Court decision which appears to have reached the opposite result. A later California Court of Appeal decision, *In re Marriage of Daniels,* 231 Cal. Rptr. 169, 171–73 (Cal. Ct. App. 1986), treats *Casas* as having overruled *Costo.*

[2]*Grier v. Grier* 731 S.W.2d 931, 932 (Tex. 1987), construed 10 U.S.C. sec. 1408 not to limit the power of a state court to characterize only "disposable" military retirement pay as a marital asset, without reaching the preemption issue.

609

to military retired pay as those laws were being applied before the decision in *McCarty v. McCarty,* and as if that decision never existed."[3] *Casas,* 720 P.2d at 930. The court concluded that the limitations in sec. 1408 "reach only restrictions on the garnishment of and direct payment from the retiree's disposable pay. Characterization of retirement pay remains a state law question." *Id.* at 933. We are persuaded by the reasoning of the *Casas* court and adopt it. We therefore turn to whether the trial court's decision was contrary to Wisconsin case law.

In this state, a spouse's interest in a retirement fund as property may be divided between the parties in a divorce action. *Leighton v. Leighton,* 81 Wis. 2d 620, 633, 261 N.W.2d 457, 463 (1978). One method of effecting the division is to require the pensioner to pay a percentage of the pension installments to the other spouse. *See, e.g., Bloomer v. Bloomer,* 84 Wis. 2d 124,

---

[3]The *Casas* court said:

Senate Report no. 97–502 expressly details the legislative intent and purpose underlying FUSFSPA. For instance, its stated primary purpose "is to remove the effect of the United States Supreme Court decision in *McCarty v. McCarty,* 453 U.S. 210 [101 S. Ct. 2728, 69 L. Ed 2d 589] [, supra,] ... by permitting ... courts, consistent with the appropriate laws, to once again consider military retired pay when fixing the property rights between the parties to a divorce, dissolution, annulment or legal separation ...." (Sen. Rep. No. 97–502, supra, p. 1; 1982 U.S. Code Cong. & Admin. News, p.1596.)

Any doubt as to the intended scope of the foregoing sweeping language is dispelled at page 5 of the report; 1982 United States Code Congressional and Administration News, page 1599: "[T]he committee intends the legislation to *restore the law to what it was* when the courts were permitted to apply State divorce laws to military retired pay."

*Casas,* 720 P.2d at 929–30 (emphasis in original).

136, 267 N.W.2d 235, 241 (1978). The amended divorce judgment before us adopts that method.

■

Compensation payable to a pensioner for bodily impairment is not, however, divisible property. *Leighton,* 81 Wis. 2d at 637, 261 N.W.2d at 465. In *Leighton,* the husband received a veteran's disability pension. The *Leighton* court concluded that the disability pension was compensation to the husband for bodily impairment and held that the disability pension was not divisible property. *Id.* at 636–37, 261 N.W.2d at 465. We concluded in *Pfeil v. Pfeil,* 115 Wis. 2d 502, 506, 341 N.W.2d 699, 702 (Ct. App. 1983), that military retirement benefits based on physical disability are not divisible assets in a divorce, but in *Pfeil* the pensioner had not exercised a unilateral election under 38 U.S.C. sec. 3105 to convert his pension to disability benefits.

■

Here only two distinctions exist between Thomas's retirement benefits and his disability benefits: (1) he obtained the latter by "waiving" a part of his retirement pay equal to his disability benefits; and (2) his retirement benefits are taxable but his disability benefits are not. For purposes of property division under the divorce laws of this state, these are differences of no consequence. Had he not waived part of his retirement pension, that pension would have equaled the total he now receives in pension and disability benefits. Thomas's right under 38 U.S.C. sec. 3105 to unilaterally and voluntarily convert part of his pension to disability benefits should not, and we hold that it does not, deprive Judith of her right under the judgment to that part of his pension received in the form of disability benefits.

611

Other jurisdictions have reached the same result. *See Campbell,* 474 So. 2d at 1345 (mere designation of part of retirement pay as disability pay for tax purposes cannot defeat community property interest of former spouse); *In Re Marriage of Daniels,* 231 Cal. Rptr. 169, 172 (Cal. Ct. App. 1986) (federal law should not be interpreted to permit spouse at his or her election to defeat other spouse's rights under California law). California courts have used similar reasoning in cases involving a retiree's election to receive military disability benefits under 10 U.S.C. 1201 et seq. *See In re Marriage of Mastropaolo,* 213 Cal. Rptr. 26, 29 (Cal. Ct. App. 1985) *cert. denied,* 475 U.S. 1011 (1986) (retirement pay based on disability but which replaces "retirement" pension and is partly computed on service longevity and rank provides support for serviceman and wife on retirement); and *In re Marriage of Cullen,* 193 Cal. Rptr. 590, 593 (Cal. Ct. App. 1983), *cert. denied,* 465 U.S. 1102 (1984) (that husband waived retirement pay to receive disability pension of greater amount does not deprive wife of community property right).

For the reasons stated, we affirm the order of the trial court.

*By the Court.*—Order affirmed.