Marci R. JOHNSON, Petitioner-Respondent,

v.

Joseph E. MILLER, Respondent-Appellant.

Court of Appeals

No. 90-0171-FT. Submitted on briefs May 31, 1990.—Decided July 26, 1990.

(Also reported in 459 N.W.2d 886.)

482

For the respondent-appellant the cause was submitted on the brief of *Mark W. Morrow* of Waupaca.

For the petitioner-respondent the cause was submitted on the brief of *Thomas W. Johnson* of *Wener, Lindgren & Johnson* of New London.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   Joseph Miller appeals from a domestic abuse restraining order requiring him to avoid the residence of the petitioner, Marci Johnson. He raises two issues: (1) whether there was sufficient evidence to support the trial court's determination that the order should issue, and (2) whether the court can properly order him to avoid his former home. We resolve both issues against Miller and affirm.

Miller is Johnson's stepfather. Johnson's Waupaca residence, which is the subject of the order, is a mobile home and was for more than sixteen years the family residence of Miller, his wife Susan, and Johnson (Susan's daughter). Susan Miller owns the real estate, and the mobile home is titled to both Susan and Joseph Miller.

In October 1989, Joseph Miller left the residence and moved to Waukesha. Two months later, Susan Miller joined him there. When she left, Susan Miller leased the residence to Johnson for one year at a rental of $100 per month. In January 1990, Joseph Miller returned to Waupaca and forcibly entered the mobile home, apparently intending to resume his residence there. Johnson then sought a restraining order, which the trial court granted.

■
Under sec. 813.12, Stats., the circuit court may issue a restraining order if "[t]he judge . . . finds reasonable grounds to believe that the respondent . . . may engage

in[ ] domestic abuse of the petitioner." Miller's primary argument is that while there may be grounds to issue a restraining order on Susan Miller's petition, there are none with respect to Johnson, for "there is no evidence whatever that [he] has intentionally inflicted . . . injury . . . upon her . . . or has threatened to engage in such conduct."

Johnson and Susan Miller both testified that Joseph Miller has a violent temper and has been physically abusive toward Susan for many years. Among other things, he has broken her nose and put holes in the walls with his fists. Susan Miller also testified that he has pushed and shoved Johnson. Shortly before he left for Waukesha, Miller broke down a locked door attempting to reach Johnson and Susan, and the door hit Johnson on the head, causing an injury which required stitches and left a scar. That conduct, with due respect to the dissent, is anything but trivial to the women concerned.

The evidence portrays Miller's long history of past violence directed at both Susan Miller and her children. His acts have resulted in injuries to both Susan Miller and Marci Johnson. Whether Miller's anger was directed exclusively at Susan or at both women—or neither—is beside the point. His violent conduct in Johnson's presence in the home in which she resided—and which resulted in physical injury to her—coupled with his return and forcible entry into Johnson's residence, provides an adequate foundation for a determination that he "may engage in domestic abuse" of Johnson.

Miller also maintains that the court improperly issued the restraining order because the residence at which Marci Johnson lives is his "homestead." The argument proceeds as follows.

Miller points first to sec. 813.12(3)(a), Stats., which allows issuance of a restraining order requiring the respondent "to avoid the petitioner's residence, *except as provided in par. (am)."* (Emphasis added.) Section 813.12(3)(am) states that:

> If the petitioner and the respondent are not married, the respondent owns the premises where the petitioner resides *and the petitioner has no legal interest in the premises,* in lieu of ordering the respondent to avoid the petitioner's residence under par. (a) the judge . . . may order the respondent to avoid the premises for a reasonable time until the petitioner relocates and shall order the respondent to avoid the new residence for the duration of the order. [Emphasis added.]

Miller contends that because the statutes require any transaction conveying an interest in a homestead to be signed by both owners,[1] and because he did not join in the lease to Johnson, she cannot obtain any legal interest in the premises by reason of the lease. As a result, according to Miller, sec. 813.12(3)(am), Stats., applies, and prohibits the court from issuing an unlimited restraining order as provided by sec. 813.12(3)(a), but rather requires the injunction to be limited to "a reasonable time until the petitioner relocates."

We reject the argument. First, sec. 813.12(3)(am), Stats., is cast in discretionary language. It states that "in lieu of" proceeding under subsection (a) "the judge *may* order" the respondent to avoid the premises for a reasonable time to allow the petitioner to relocate. (Emphasis added.) Giving effect to that language, we conclude that the limited-term injunction under subsection (am) is an alternative available to the court (or the family court

---

[1] Sec. 706.02(1)(f), Stats.

commissioner) where the three stated conditions are met.

Second, the trial court rejected Miller's testimony that his move to Waukesha was only temporary and that the Waupaca property remained his homestead.

It is the trial court's responsibility to weigh the evidence and to determine credibility, and its findings in these areas will not be disturbed on appeal unless they are clearly erroneous. *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107, 293 N.W.2d 155, 159 (1980); *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983). While Miller stated that when he left for Waukesha he intended to stay there only temporarily, planning to return to Waupaca when he and his wife "had things arranged and straightened out financially," Susan Miller testified that she and Miller moved to Waukesha to make "a new start" in life. According to her, the couple's plan was "to move to Waukesha permanently," to "rent for six months and then buy a little house there."

The trial court, making the type of credibility determination that is within its sole province, stated that it found "virtually all of [Miller's] testimony incredible and not worthy of belief" and concluded: "I believe that both [Miller] and his wife intended to attempt to start a new life . . . in Waukesha, looking for employment, and their moving down there, establishing another residence, is indication to me there was intent to change their primary residence."

Miller has not persuaded us that the trial court's finding as to his and his wife's intent to permanently relocate to Waukesha is clearly erroneous. Indeed, as we have noted, the finding is based on the court's assess-

ment of the credibility and weight of conflicting testimony, and in such circumstances we will uphold the finding "unless the evidence [the court] believed was incredible as a matter of law." *Posnanski v. City of West Allis,* 61 Wis. 2d 461, 466 n. 2, 213 N.W.2d 51, 53 (1973). Because it was not, we accept the finding and reject Miller's "homestead" argument.

■

Having done so, it is apparent that, given the lease from Susan Miller, Johnson had a "legal interest in the premises" within the meaning of sec. 813.12(3)(am), Stats. As a result, the limitations of that subsection are inapplicable.[2]

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting).* It trivializes the serious problem of domestic abuse to apply sec. 813.12, Stats., to this case. The broad construction given to sec. 813.12, Stats., by the majority threatens its constitutionality. The statute was sustained in *Schramek v. Bohren,* 145 Wis. 2d 695, 711, 429 N.W.2d 501, 507 (Ct. App. 1988), because "[o]nly individuals within precise settings who were victims of clearly defined physical abuse were deemed to receive protection by state action." Johnson has never been the victim of Miller's physical abuse. The

---

[2]Even so, the trial court, after stating "even if [Miller] is correct about all of his legal arguments about his right to ownership possession [sic] of the property," limited the injunction to six months' duration "in order for there to be a reasonable period of time for either [Johnson] to acquire a legitimate legal interest in the premises or for her to move out."

Thus, even if sec. 813.12(3)(am), Stats., could be said to apply, the court proceeded properly under that subsection.

most that the record establishes is that Johnson, in her words, is "just scared" of Miller. I dissent.