COURT OF APPEALS
DECISION
DATED AND FILED

April 19, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1434**

Cir. Ct. No. **2022TR1098**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

WAUKESHA COUNTY,

  PLAINTIFF-RESPONDENT,

 V.

STEPHEN E. LEE,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waukesha County: PAUL F. REILLY, Reserve Judge. *Affirmed*.

¶1    NEUBAUER, J.[1] Stephen E. Lee appeals from a judgment of conviction entered after a bench trial at which he was found guilty of speeding in violation of a Waukesha County ordinance. Lee raises two primary arguments on appeal, neither of which were raised before the trial court. Lee argues that the County improperly failed to turn over evidence he needed to meaningfully

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

cross-examine the officer who issued the citation and that the officer committed perjury. This court rejects Lee's arguments and affirms the judgment.

## BACKGROUND

¶2 Late in the afternoon of December 12, 2021, Deputy Erik Wickstrom of the Waukesha County Sheriff's Department stopped Lee as he was driving on Meadowbrook Road in the City of Waukesha and issued him a citation for speeding. Lee pleaded not guilty and asked for a trial to the court, which was held on August 4, 2022.

¶3 Wickstrom was the only witness to testify at trial. After describing the training he had received in traffic enforcement, Wickstrom confirmed that he was conducting "stationary speed enforcement" on Meadowbrook Road on December 12, 2021, where the posted speed limit is thirty-five miles per hour. Before starting work that day, Wickstrom activated his radar gun, confirmed that it passed a "self-calibration test," and performed a second test to ensure it functioned properly. Shortly before 5:00 p.m., Wickstrom stopped Lee for driving seventeen miles per hour above the posted speed limit and issued him a citation.[2] Wickstrom used the radar gun to determine Lee's speed while stationed in the left-turn lane on Woodridge Lane, which intersects with Meadowbrook Road.

¶4 On cross-examination, Wickstrom was unable to recall the serial number of the radar gun he used that day and testified that he was not required to

---

[2] Wickstrom cited Lee for violating WAUKESHA COUNTY, WIS. CODE § 15-82 (2014), which adopts certain Wisconsin statutes concerning vehicles and traffic, including WIS. STAT. § 346.57(5), which prohibits motorists from "driv[ing] a vehicle in excess of any speed limit established pursuant to law by state or local authorities and indicated by official signs." Section 15-82 can be found online at https://www.waukeshacounty.gov/globalassets/corporation-counsel/county-code/chapter-15-public-works.pdf.

keep written records concerning the "testing and maintenance" of the gun. In addition to the pre-shift tests, Wickstrom testified that he tests the radar gun after a stop "to ensure I still have accurate results." None of the tests he ran that day indicated any issues with the gun's accuracy.

¶5 Lee declined to testify or present any other evidence. The trial court heard closing arguments and reviewed and distinguished a case cited by Lee pertaining to the use of radar guns when an officer is not stationary. The court found it was undisputed that Wickstrom was stationary when using the radar gun and that he had tested it before his shift and after the stop. The court found Lee guilty after concluding that the County had met its burden of proving that the radar gun was operating properly by clear, satisfactory, and convincing evidence. *See* WIS. STAT. § 345.45. Additional facts relevant to the arguments Lee raises on appeal are provided below.

## DISCUSSION

¶6 Lee argues first that the County violated his constitutional rights to present a complete defense and to confront the witness against him by failing to turn over certain records that Lee requested before trial. Lee contends on appeal that Deputy Wickstrom was not using a radar gun to conduct stationary traffic enforcement along Meadowbrook Road when he stopped Lee, but instead was driving on Meadowbrook Road, which would have resulted in a different analysis regarding the reliability of the deputy's speeding determination. He asserts that he was denied discovery that would have permitted him to make this argument. He also contends that records he obtained pursuant to an open records request to the Waukesha County Sheriff's Department that were not produced until after the trial would have supported his argument.

¶7 Lee's argument fails for many reasons, each of which independently doom his appeal. First, Lee did not raise his records challenge with the trial court, which means he cannot raise it on appeal. *See **State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("Issues that are not preserved at the [trial] court, even alleged constitutional errors, generally will not be considered on appeal.").

¶8 Furthermore, Lee did not make the records he contends were improperly withheld, or the letters relating to his requests for those records, part of the record on appeal. His failure to do so also precludes this court from considering the merits of his argument. *See **Choinsky v. Germantown Sch. Dist. Bd. of Educ.***, 2019 WI App 12, ¶34, 386 Wis. 2d 285, 926 N.W.2d 196 (stating that court of appeals "will not consider arguments based on facts or documents that are unavailable or not referenced in the record"), *aff'd sub nom. **Choinsky v. Employers Ins. Co. of Wausau***, 2020 WI 13, 390 Wis. 2d 209, 938 N.W.2d 548. Lee included the records and letters in the appendix accompanying his brief, but that does not enable this court to review them because the appendix may only contain items in the record. *See **Roy v. St. Lukes Med. Ctr.***, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 (stating that court of appeals is "limited to matters in the record, and will not consider any materials in an appendix that are not in the record") (citation omitted).[3]

¶9 Moreover, even if Lee had raised these issues at trial or in a postjudgment motion, his discovery motion was untimely under WIS. STAT.

---

[3] Lee also asserts several facts supporting his challenge on appeal, including that Wickstrom was not stationary and that other citations Lee has received included serial numbers. No evidence presented at trial tended to show that Wickstrom was not stationary, and Lee did not introduce at trial the citations containing serial numbers that he filed with his exhibit list. These are not newly discovered facts. This shortcoming also defeats Lee's challenge.

§ 345.421, which bars discovery in traffic violation cases except as to specific items requested within ten days after an alleged violation:

> Neither party is entitled to pretrial discovery except that if the defendant moves within 10 days after the alleged violation and shows cause therefor, the court may order that the defendant be allowed to inspect and test under [WIS. STAT. §] 804.09 and under such conditions as the court prescribes, any devices used by the plaintiff to determine whether a violation has been committed, including without limitation, devices used to determine presence of alcohol in breath or body fluid or to measure speed, and may inspect under [§] 804.09 the reports of experts relating to those devices.

Lee was stopped and cited for speeding on December 12, 2021, but did not file his motion for discovery until July 21, 2022, months after the ten-day statutory period had elapsed. Because Lee did not comply with § 345.421, the County was not required to comply with his discovery requests.[4]

¶10    Lee next argues that Wickstrom gave perjured testimony. Lee argues that Wickstrom falsely testified that he was conducting stationary speed monitoring on the day he stopped Lee. He contends the following facts suggest that Wickstrom testified falsely: (1) the radar gun's serial number was not on the citation; (2) Wickstrom was unable on cross-examination to provide the serial number of the radar gun he was using; and (3) Wickstrom confirmed that he did not have to "maintain records as far as testing and maintenance on the [gun]." Lee contends that Wickstrom committed perjury because the County presented no evidence to corroborate his testimony that he was conducting stationary speed enforcement when he stopped Lee.

---

[4] Additionally, even if Lee had timely filed his motion, this court notes that he would have been entitled only to "inspect and test" the radar gun and any expert reports related to it. *See* WIS. STAT. § 345.421.

¶11    In effect, Lee's challenge is to the sufficiency of the evidence to sustain the conviction. The County's burden was to prove that Lee was speeding by clear, satisfactory, and convincing evidence. *See* WIS. STAT. § 345.45. When reviewing "the sufficiency of the evidence," this court uses "a highly deferential standard of review." *Jacobson v. American Tool Cos.*, 222 Wis. 2d 384, 389, 588 N.W.2d 67 (Ct. App. 1998). This court does not set aside the trial court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2). In other words, the court's findings will be affirmed unless the great weight and clear preponderance of the evidence support a contrary finding. *See Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643-44, 340 N.W.2d 575 (Ct. App. 1983).

¶12    Here, the trial court correctly noted that Wickstrom's testimony that he was stationary when using the radar gun and that he had properly tested the equipment was undisputed. In addition, the radar gun's measurement of Lee's speed "carr[ies] a prima facie presumption of accuracy" that Lee has not rebutted. *See State v. Trailer Serv., Inc.*, 61 Wis. 2d 400, 408, 212 N.W.2d 683 (1973). Because there is credible evidence to sustain the court's findings, this court must accept them and affirm. *See Jacobson*, 222 Wis. 2d at 390.

¶13    Lee's contention that the trial court's factual findings were clearly erroneous is wholly without merit. His arguments focus on the lack of certain evidence to corroborate Wickstrom's testimony, but the mere absence of corroboration does not establish that testimony is false. Wickstrom's inability to recall the serial number of the radar gun he used on the day in question does not establish that he was not monitoring speed in a stationary position when he stopped Lee. Indeed, it is not surprising that a police officer would be unable to recall the serial number on a radar gun used during a traffic stop that occurred nearly eight months before trial. Nor does the absence of the gun's serial number

on the citation establish that Wickstrom testified falsely. Lee points to no department policy or other evidence in the record tending to show that the serial number of a radar gun used to detect a speeding violation always appears on the citation. This court accepts the court's factual findings that support its conclusion that Lee violated the speeding ordinance.[5]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] Lee also asserts in his reply brief that the circuit court "had no jurisdiction to make factual findings or assess the credibility of witnesses" at trial. This argument appears to stem from the fact that Wickstrom issued Lee a citation for speeding in violation of a City of Pewaukee ordinance which was later dismissed and reissued as the citation at issue in this case. Lee argues that the Waukesha County Sheriff's Department lacked jurisdiction to dismiss and reissue the citation. Lee cites no legal authority to support this argument, so this court declines to consider it. *See* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (declining to consider arguments unsupported by references to legal authority).