392 P.2d 40

**V. J. LUND et al., Plaintiffs and Appellants,**

**v.**

**COTTONWOOD MEADOWS COMPANY, a partnership, Salt Lake County, et al., Defendants and Respondents.**

**No. 10015.**

Supreme Court of Utah.

May 18, 1964.

---

2.  State v. Kirkham, 7 Utah 2d 108, 319 P.2d 859; State v. Poulson, 14 Utah 2d 213, 381 P. 2d 93.

George H. Searle, Harold N. Wilkinson, Salt Lake City, for plaintiffs and appellants.

Mulliner, Prince & Mangum, Grover A. Giles, County Atty., Ollie McCulloch, Asst. County Atty., Salt Lake City, for defendants and respondents.

McDONOUGH, Justice.

This is an action to enjoin defendants from building a mobile trailer park in an area of Salt Lake County known as Cottonwood Heights. The district court granted a summary judgment for defendants on the finding that plaintiff had failed to exhaust his administrative remedies by not appealing from the decision of the County Planning Board within the allotted 90-day period.[1]

The relative positions of the parties to this appeal can best be seen by a chronology of the facts leading to this appeal. On January 12, 1962, defendants entered into an earnest money agreement to purchase a site desired for construction of a mobile trailer park. Prior thereto, defendants ascertained from the Salt Lake Planning Commission that the area was zoned Agricultural Zone A–2, which permitted trailer parks. On January 30, 1962, one of the plaintiffs, representing a citizens committee formed to prevent the development of the proposed trailer park, appealed to the Planning Commission to change the zoning classification from A–2 to Residential Zone S–1A, precluding construction of mobile home parks, which was done and became effective May 10, 1962. In reliance upon the original zoning classification, defend-

---

1. Salt Lake County Board of Adjustment General Rules of Procedure, July 16, 1963, General Rule of Procedure III. "An appeal to the Board of Adjustments must be taken within ninety (90) days after the cause arises or the appeal will not be considered by the Board of Adjustments."

ants continued development work, and on March 27, 1962, made application for a building permit. The Commission tentatively approved the general layout, but insisted on minor changes. On June 12, 1962, the Planning Director approved the mobile home park plan and back dated it to April 19, 1962, when the Commission had given its tentative approval. After approval by the County Attorney, the building permit issued September 10, 1962. Plaintiff, with knowledge that a building permit had been issued to defendant on September 10, 1962, did not file suit until February 21, 1963.

Plaintiff appeals from a summary judgment for defendant, assigning error as follows: (1) Plaintiff denies that under Sec. 17-27-23, U.C.A.1953,[2] he must exhaust available administrative remedies before suing in the courts because defendants were in violation of the zoning ordinance effective May 10, 1962; (2) That Sec. 17-27-16, U.C.A.1953,[3] is permissive and allows an alternative course such as that suggested

in Sec. 17-27-23, supra; and (3) That he is not "aggrieved" by the decision of the Planning Board and the issuance of the building permit since he was not a party to any action before the board. Thus, he argues that his grievance is too remote to be governed by Sec. 17-27-16 as being "any person aggrieved."

■ We disagree. His inconsistency is manifest by filing this action and praying for the relief sought herein. But for the decision of the Commission this action would never have arisen. A more satisfactory definition of "aggrieved" as used in our statute is found in O'Connor v. Board of Zoning Appeals, 140 Conn. 65, 98 A.2d 515 (1953):

"Any landowner or resident within city whose situation is such that decision of planning board may adversely affect him in use of property owned or occupied by him in some manner within scope or purposes of the zoning ordinance would be 'aggrieved' within

2. Sec. 17-27-23, U.C.A.1953; generally prohibits the construction or use of buildings, etc., in violation of regulations or zoning ordinances enacted or adopted by any board of the county commissioners. In the case of violation or a proposed violation of the act " * * * any owner of real estate within the district in which such building, structure or land is situated, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or any other appropriate action or actions," to prevent proposed actions.

3. Sec. 17-27-16, U.C.A.1953, provides that "*Appeals to the board of adjustment may be taken by any person aggrieved* * * *, or by the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning resolution. * * * The time within which such appeal must be made * * * shall be as specified in the general rules provided in writing by the board of county commissioners * * *." (Emphasis ours.)

statute giving any person aggrieved right of appeal from board's decision." [4]

 Regarding plaintiff's other arguments, we submit the following: The 90-day limitation of Sec. 17–27–16 [5] is designed to assure speedy appeal to the proper tribunal any grievance that a party may have who is adversed by a decision of an administrative agency. The evident purpose of the statute is to assure the expeditious and orderly development of a community, etc.[6] Sec. 17–27–23 gives land owners a separate cause of action in the courts when a violation of a zoning resolution is charged. But where, as in this case, the alleged violation of the ordinance arose from the administration of a zoning ordinance by an administrative officer or agency, as provided in Sec. 17–27–16, appeal from that administrative ruling should have been taken to the proper administrative tribunal, or a suit should have been commenced in the courts within the statutory period provided for in Sec. 17–27–16, which in this case is 90 days.

Accordingly, the judgment of the lower court in favor of the defendants, Cottonwood Meadows Company, et al., is affirmed. Costs to respondents.

HENRIOD, C. J., CALLISTER, CROCKETT and WADE, JJ., concur.

---

4. See also: Zuckerman v. Board of Zoning Appeals, 144 Conn. 160, 128 A.2d 325 (1956) ; Treat v. Town Plan and Zoning Com'n, 145 Conn. 136, 139 A.2d 601 (1958) ; State ex rel. Housing Authority of St. Louis County v. Wind, 337 S.W. 2d 554 (Mo.App.1960) ; Lunt v. Zoning Board of Appeals of the Town of Wallingford, et. al., 150 Conn. 532, 191 A.2d 553 (1963).

5. Note 1, supra.

6. 58 Am.Jur. 955, 957, Secs. 26 and 27.