**John E. MERRIHEW, Plaintiff and Appellant,**

v.

**SALT LAKE COUNTY PLANNING AND ZONING COMMISSION, LeLand S. Swaner, Budd M. Rich, Gary D. Palmer, Dale V. Jones, Thomas Bowen, Velma Steele, William March, Clayne Ricks, and Ray Noble, Defendants and Respondents.**

No. 18070.

Supreme Court of Utah.

Feb. 28, 1983.

H. Ralph Klemm, Salt Lake City, for plaintiff and appellant.

Ted L. Cannon, Kent S. Lewis, William R. Hyde, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

The plaintiff appeals from a summary judgment denying his prayer for an extraordinary writ directing the defendants to reinstate a Salt Lake County zoning ordinance and a building permit issued pursuant thereto. We vacate the summary judg-

ment ordered by the trial court and remand this case with the order that the plaintiff's petition for an extraordinary writ be dismissed.

The plaintiff is the record owner of real property located along 2000 East between approximately 7700 South and 7800 South in Salt Lake County. On April 24, 1980, the plaintiff filed an application with the Salt Lake County Planning and Zoning Commission (hereinafter "Planning Commission") for a zoning reclassification on this property. He sought a change in classification from Agricultural A–1 to Commercial C–2 to permit the construction of a grocery and fruit store on his property.

After several hearings, the plaintiff's application was denied by the Planning Commission on June 10, 1980, on the grounds that the proposed use was in conflict with the County Master Plan, that it was not necessary or desirable, and that it would result in dangerous access conditions. The plaintiff appealed to the Board of County Commissioners.

After the plaintiff filed his notice of appeal with the Board of County Commissioners, a member of the Planning Commission discovered that the property described in the plaintiff's application did not abut 2000 East. At the request of the Planning Commission, the plaintiff furnished a new legal description which was also erroneous in that it did not "close" and improperly extended across 2000 East. In addition, the street address contained in the plaintiff's rezoning application actually belonged to property owned by another, whose mailbox on 2000 East abutted the plaintiff's property. The public notice of the hearing before the Board of County Commissioners, published and posted pursuant to U.C.A., 1953, § 17–27–17, included the erroneous legal description and street address. After a hearing, the Board of County Commissioners voted to reverse the Planning Commission's denial of the plaintiff's request for a zoning reclassification. The ordinance enacted pursuant to that vote contained the same erroneous legal description as was used in the notice of hearing.

The plaintiff then applied to the Building Inspection Division of Salt Lake County for a building permit to allow construction of a proposed fruit store on his property. The permit was issued on November 19, 1980. Five days later, the Planning Commission and Building Inspector discovered that the legal description in the notice of hearing was erroneous. As a result, they revoked the plaintiff's building permit on the theory that the defective notice rendered void the County ordinance permitting the rezoning of the plaintiff's property. The plaintiff did not appeal the revocation of his building permit. Instead, he applied to the Third District Court for an extraordinary writ of mandamus under Rule 65B of the Utah Rules of Civil Procedure to require the Planning Commission to reinstate and implement the decision of the Board of County Commissioners approving his rezoning application.

■ The Planning Commission's purported revocation of the County Ordinance is of no legal effect, because the Planning Commission was without authority to declare a duly enacted County Ordinance null and void. Therefore, the plaintiff's request for an order requiring the Planning Commission to "reinstate" that ordinance is superfluous. Rather, the specific action that the plaintiff seeks by way of mandamus is the reissuance of his building permit.

U.C.A., 1953, § 17–27–16 provides in part:

Appeals to the board of adjustment may be taken by any person aggrieved by his inability to obtain a building permit, or by the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning resolution....

Upon appeals the board of adjustment shall have the following powers:

(1) To hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision, or refusal made by administrative official or agency based on or made in the enforcement of the zoning resolution.

Based on this section, the defendants argue that the plaintiff failed to exhaust his administrative remedies and that his petition for a writ of mandamus should have been dismissed by the lower court. We agree. The revocation of the plaintiff's building permit by the Planning Commission was a decision made by an administrative officer in the course of enforcement of a zoning resolution, and the plaintiff had the right to appeal that decision to the Board of Adjustment under § 17–27–16. The plaintiff claims that, because he had already appealed the original denial of his rezoning application to the Board of County Commissioners, he was not required to take a "second" appeal within the administrative system. We disagree. Where a subsequent dispute addresses legal and factual matters different than those involved in a prior review, an aggrieved person must use established procedures rather than resorting to extraordinary writs. In the present case, the plaintiff's first appeal to the Board of County Commissioners, resulting in the granting of a rezoning ordinance, is separate and distinct both factually and legally from his subsequent objection to the revocation of his building permit. That objection should be reviewed by the Board of Adjustment pursuant to U.C.A., 1953, § 17–27–16. Thus, the plaintiff should have followed the established procedures rather than pursuing an extraordinary writ.

The plaintiff argues further that an appeal of the revocation action to the Board of Adjustment would result in a "rehearing" of his original zoning application, which is contrary to law. This argument is likewise without merit. Although the Planning Commission had no jurisdiction to vacate the zoning ordinance in question, it did have jurisdiction to revoke the building permit. In any event, the determination of whether that action was proper or erroneous is clearly within the contemplation of § 17–27–16, and the plaintiff's petition for an extraordinary writ is premature.

In *State ex rel. J.S. Alberici, Inc. v. City of Fenton*, Mo.App., 576 S.W.2d 574 (1979), the Missouri Court of Appeals dismissed a mandamus action brought because a building inspector had refused to issue a permit on the basis of a legal opinion that the use would violate the ordinance. That court held that "the writ was inadvisedly issued, because there was available ... an adequate ... remedy by way of administrative review which was not exhausted." *Id.* at 579. We agree with the approach of the Missouri court. Consequently, we reaffirm that the general proposition of law that parties must exhaust administrative remedies as a prerequisite to seeking judicial review is applicable to claims relating to denial of a building permit. *Cf., e.g., Johnson v. Utah State Retirement Office*, Utah, 621 P.2d 1234 (1980); *Lund v. Cottonwood Meadows Co.*, 15 Utah 2d 305, 392 P.2d 40 (1964). As we said in the context of a plaintiff's failure to appeal from a Board of Adjustment decision in *Crist v. Mapleton City*, 28 Utah 2d 7, 9, 497 P.2d 633, 634 (1972):

> By ignoring a plain, speedy, and adequate remedy at law, the plaintiffs placed themselves out of reach of the extraordinary writ of mandamus. A writ of mandamus is not a substitute for and cannot be used in civil proceedings to serve the purpose of appeal, certiorari, or writ of error.

We do not reach the issue of the validity of the zoning ordinance because we hold that the plaintiff's failure to exhaust his administrative remedies prevents him from seeking relief at this time from the courts. We therefore vacate the summary judgment ordered by the trial court and remand this case with the order that the plaintiff's petition for an extraordinary writ be dismissed. No costs awarded.

HALL, C.J., and OAKS and HOWE, JJ., concur.

STEWART, J., dissents.