**Howard F. HATCH, President of Howard Hatch and Associates, a Utah corporation, Plaintiff and Appellant,**

v.

**UTAH COUNTY PLANNING DEPARTMENT, Jeff R. Mendenhall, Director, Defendant and Respondent.**

No. 19662.

Supreme Court of Utah.

July 23, 1984.

Howard F. Hatch, Provo, pro se.

Sterling B. Sainsbury, Noall T. Wootton, Provo, for defendant and respondent.

PER CURIAM.

Plaintiff Hatch brought this action for damages, injunctive relief and extraordinary writ to require defendant to issue a building permit for construction of a boat launching facility. The trial court granted defendant's motion to dismiss the complaint, whereupon plaintiff took this appeal.

Plaintiff desired to construct a cement slab protrusion into the waters of Utah Lake as a part of a boat-docking marina. He applied unsuccessfully for a building permit and made no formal move for relief under available statutes and ordinances to appropriate administrative regulatory agencies. He chose to build the facility irrespective of the absolute requirement of obtaining a building permit.

The trial court entered findings to the effect that Hatch had filed an application for a permit with the Utah County Planning Department, which application was not granted, but tabled. Without pursuing the matter further by administrative review or otherwise, he built the landing ramp. The trial judge, citing U.C.A., 1953, § 17–27–16, concluded that he lacked jurisdiction because the plaintiff had not exhausted existing administrative remedies and dismissed the case without prejudice.

 Plaintiff urges that a Utah County ordinance permits judicial review of any grievance resulting from the administration of the zoning ordinance, without prior hearing by the Board of Adjustment. Whatever ambiguity there may be in the ordinance is answered by state law. In *Merrihew v. Salt Lake County Planning,* Utah, 659 P.2d 1065 (1983), we applied U.C.A., 1953, § 17–27–16 and held that a party must exhaust administrative remedies before seeking judicial review of the denial of a building permit.

The thrust of this appeal, in Hatch's own words, is that "he have a fair opportunity to present his case" by honoring "his request for oral argument" that was denied. The motion to dismiss that was granted addressed the facts and infirmities of the complaint. It was accompanied by a "Statement of Undisputed Facts," which Hatch did not attack until after the hearing and dismissal. His only prehearing request was for oral argument, claimed as a matter of right, which request was made shortly before the judge ruled on the matter. He claimed such right under the local District Court Rule 2.8, which he misconceived since it provides that such oral argument may be allowed on the request of the parties or the court, only if granting the request would dispose of the case on the merits *with prejudice.* His contention is without substance since the trial judge dismissed this case *without prejudice.*

We affirm the judgment in accordance with the views herein expressed. No award of costs on appeal.

ZIMMERMAN, J., does not participate herein.