**Louise D. STROLLO, Plaintiff and Appellant,**

v.

**David STROLLO, Defendant and Appellee.**

**No. 910237-CA.**

Court of Appeals of Utah.

March 23, 1992.

David G. Challed, Utah Legal Services, Inc., Salt Lake City, for plaintiff and appellant.

David Strollo, pro se.

Before BILLINGS, Associate P.J., and BENCH and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Plaintiff appeals the trial court's denial of a protective order under the Cohabitant Abuse Act, claiming the trial court erred in requiring her to demonstrate immediate peril. We reverse.

On February 21, 1991, plaintiff filed a complaint pursuant to the Cohabitant Abuse Act, Utah Code Ann. §§ 30–6–1 to – 11 (1989 & Supp.1991), and requested an ex parte protective order. Plaintiff's pro se complaint stated defendant threatened to kill her if she served him with divorce papers.

On February 28, 1991, both parties appeared in court without counsel. The judge stated that he had reviewed the complaint seeking a protective order. Before hearing any testimony, the judge stated he was going to dismiss the complaint. Explaining his decision, the judge continued:

> I understand that you may be in fear, but this is an improper use of the protective order. The protective order is intended to cover those circumstances where one is in, what we call imminent fear. An imminent fear doesn't mean that you may anticipate some future problem. It means that you are in fear of some present problem. That is if there is an immediate threat. This threat is based upon your fear that if you file divorce papers that you may be in jeopardy. You have every right to file divorce papers. You have every right in that proceeding to seek a restraining order to restrain him from an interference he may have with you and or the children. So this is not the proper use of the protective order. The law requires that there be an immediate peril.

Plaintiff responded that she had been beaten by defendant for eight and one-half years and was in fear of further harm. The court denied the request for a protective order. Plaintiff filed a motion for a new trial, and the court denied the motion, stating "the claims of the plaintiff are stale and do not at present constitute 'abuse' as defined in 30–6–1(1), et seq." Plaintiff filed this appeal. Subsequently, plaintiff obtained a protective order from another judge.

■ Preliminarily, we must address whether the trial court's denial of the protective order is moot. Generally, a case is deemed moot " 'when the requested relief cannot affect the rights of the litigants.' " *Salt Lake City v. Tax Comm'n*, 813 P.2d 1174, 1177 (Utah 1991) (quoting *Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989)). However, the court may consider a technically moot issue if the issue is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time a person is affected, would likely escape judicial review. *Wickham v. Fisher*, 629 P.2d 896, 899

(Utah 1981). Because of the public interest involved, courts frequently retain jurisdiction in technically moot cases where the issues involve constitutional interpretation, the validity or construction of a statute, or the propriety of administrative rulings. *McRae v. Jackson,* 526 P.2d 1190, 1191 (Utah 1974).

■ The issue presented in this case is whether the trial court erred in interpreting Utah Code Ann. § 30–6–2 (Supp.1991) in denying plaintiff's protective order. Although this issue is technically moot due to plaintiff's subsequent successful request for a protective order, we retain jurisdiction in this case because the issue involves construction of a statute which courts must routinely apply, because cohabitant abuse prevention is an issue of wide and significant public concern, and because the issue is likely to recur and would likely escape judicial review.[1]

Utah Code Ann. § 30–6–1(1) (Supp.1991) defines "abuse" as "the occurrence of any of the following acts between cohabitants or against any child residing with a cohabitant: (a) attempting to cause, or intentionally or knowingly causing, physical harm; or (b) intentionally placing another in fear of imminent physical harm." "Cohabitant" includes an emancipated person who "is presently or was formerly a spouse." Utah Code Ann. § 30–6–1(2)(a) (Supp.1991). Section 30–6–2 provides that "[a]ny person who has been subjected to abuse, or to whom there is a substantial likelihood of immediate danger of abuse, is entitled to file a complaint and seek protective orders as provided by this chapter, whether or not that person has left the residence in an effort to avoid further abuse."

Section 30–6–2 clearly indicates that "any person who has been subjected to abuse"

may seek a protective order. Further, because "abuse" is defined as "intentionally placing another in fear of imminent physical harm," if past abuse is coupled with a present threat of future abuse, a person may seek a protective order. *Boniek v. Boniek,* 443 N.W.2d 196, 198 (Minn.Ct.App. 1989); *Hall v. Hall,* 408 N.W.2d 626, 629 (Minn.Ct.App.1987) (en banc).

In *Boniek,* the court held that an order for protection is justified under a similar Domestic Abuse Act "when a former spouse manifests a present intention to inflict fear of imminent physical harm, bodily injury or assault.... Past abusive behavior, although not dispositive, is a factor in determining cause for protection." *Boniek,* 443 N.W.2d at 198 (citations omitted). In *Boniek,* the parties were divorced in 1985 after twenty-five years of marriage. In 1984, the husband had physically abused the wife, and, as a result, she was placed in a shelter. Subsequently, the husband delivered a note to the wife stating, " 'if this is what you want, this is what you will get.' " *Id.* Enclosed in the note was the parties' marriage certificate cut in half. The husband also drove around her house on occasion. The wife testified that these events made her fear for her safety. The court held that viewing the evidence in its totality, and in light of the husband's past abusive behavior, "sufficient evidence exists to infer a present intent to inflict fear of imminent physical harm, bodily injury or assault within the meaning of the Domestic Abuse Act." *Id.*[2]

■ In this case, plaintiff alleged that defendant had abused her for eight and one-half years. The most recent incident of physical abuse occurred in July of 1990, and was so serious that she was forced to seek medical care and reside in a protective shelter. Seven months later, defendant

---

1. Plaintiff also seeks review of the trial court's order requiring her to disclose her telephone number to defendant. We decline to address that issue on the basis of mootness.

2. In *In re Marriage of Blitstein,* 212 Ill.App.3d 124, 155 Ill.Dec. 746, 569 N.E.2d 1357 (1991), the court held that abuse can occur even if there is no overt act of violence. *Id.,* 155 Ill.Dec. at 750, 569 N.E.2d at 1361. The court stated that abuse, which is defined in the Illinois Domestic

Violence Act to include harassment, can include intentional acts that would cause another to be worried, anxious, or uncomfortable. *Id.; see also Johnson v. Miller,* 157 Wis.2d 482, 459 N.W.2d 886, 887 (Ct.App.1990) (stepfather's history of violence against stepdaughter coupled with his forcible entry into a residence occupied by stepdaughter provides adequate foundation for restraining order).

threatened to kill plaintiff if she filed for divorce. The court dismissed the complaint on the basis that plaintiff failed to demonstrate immediate peril because the last incident of physical abuse had been seven months prior to her request for a protective order. This was error. The statute clearly protects those who are reasonably in fear of physical harm resulting from past conduct coupled with a present threat of future harm. Otherwise, the prophylactic purpose of the statute would be defeated. We do not think the legislature intended such a result.

■ If the trial court cannot make a determination from the face of the pleadings, the court should hold an evidentiary hearing to ferret out the allegations and determine whether a protective order is appropriate under the circumstances. In this case, the court erroneously interpreted the statute, and, as a result, failed to conduct an evidentiary hearing.[3] We conclude that the trial court erred in dismissing plaintiff's complaint.

BENCH and RUSSON, JJ., concur.

---

**3.** The trial judge inferred that he was not denying plaintiff a remedy because her remedy was to file for divorce and obtain a restraining order. However, the Act specifically expands the civil and criminal remedies for victims of domestic violence. *See* Utah Code Ann. § 30–6–7 (1989) ("All proceedings pursuant to this act are separate and independent of any proceedings for divorce, annulment, or separate mainte-

nance and the remedies provided are in addition to any other available civil or criminal remedies."). In addition, restraining orders are often ineffective in protecting abused spouses. *See* Jane A. Marquardt and Cathie Cox, *Violence Against Wives: Expected Effects of Utah's Spouse Abuse Act*, 5 J.Contemp.L. 277, 287–88 (1979).