Robert BENNION, Plaintiff
and Appellant,

v.

SUNDANCE DEVELOPMENT CORPORATION, and Utah County Commission, Defendants and Appellee.

No. 940451–CA.

Court of Appeals of Utah.

June 15, 1995.

Richard C. Coxson, Spanish Fork, for appellant.

C. Craig Liljenquist and Roger J. McConkie, Salt Lake City, for appellee.

Before BENCH, BILLINGS and WILKINS, JJ.

## OPINION

BILLINGS, Judge:

Plaintiff Robert Bennion appeals the district court's order of dismissal in favor of defendants Sundance Development Corporation (Sundance) and the Utah County Commission (the Commission) on the ground that plaintiff failed to exhaust his administrative remedies prior to bringing his action in district court. We affirm.

## FACTS

The facts in this case are not in dispute. On December 27, 1993, the Commission approved Sundance's Recreational Resort Plat A Amended (7). Plaintiff filed a complaint in the district court on January 26, 1994, alleging that the Commission's approval of Plat A Amended (7) violated Utah County Zoning

Ordinances and Utah law. Plaintiff prayed for the following relief:

 1. Vacation of Plat A, Amended 7, Sundance Recreational Resort;

 2. Order of mandamus limiting the Utah County Commission from the approval of any further Sundance Recreational Resort plats without permission of this court to insure that such plats meet the Utah County Zoning Ordinance; and

 Any and all other remedies which the court may find just and equitable in the premises.

Sundance responded with a motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies.

The court granted Sundance's motion to dismiss, concluding that plaintiff had not complied with Utah County Zoning Ordinance 7–15, requiring any appeal of a decision applying a zoning ordinance to be filed in the office of the Utah County Board of Adjustment (the Board) within 45 days of the contested decision. Plaintiff appealed.

Subsequently, on February 28, 1995, the Commission approved Sundance Recreational Resort Plat A Amended (8), which superseded Plat A Amended (7), and the amended plat was recorded. Sundance thereafter petitioned the Commission to vacate Plat A Amended (7), and the Commission granted the petition. Sundance then filed a suggestion of mootness, which we have considered on appeal.

## ANALYSIS

### I. Mootness

■ We first address Sundance's suggestion of mootness. "An issue on appeal is considered moot when 'the requested judicial relief cannot affect the rights of the litigants.'" *State v. Sims*, 881 P.2d 840, 841 (Utah 1994) (quoting *Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989)). Though judicial policy generally dictates against our

considering a moot issue, *id.; Phillips v. Schwendiman*, 802 P.2d 108, 109 (Utah App. 1990), we will do so if the issue, though technically moot, "is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review." *Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981); *accord Strollo v. Strollo*, 828 P.2d 532, 533 (Utah App.1992).

Plaintiff concedes that, as to his first prayer for relief, our reversal of the district court's order of dismissal would have no legal effect because Plat A Amended (7) has already been vacated, and thus the issue is technically moot. Plaintiff argues that we should nevertheless reach the merits of his appeal under the authority of *Strollo*.

We need not rely on *Strollo* because, whatever its facial inadequacy,[1] plaintiff's *second* prayer for relief is not moot.[2] Were we to reverse the district court's order of dismissal, the district court would be forced to rule on plaintiff's request for mandamus relief. Thus, this is not a case in which " 'the requested judicial relief cannot affect the rights of the litigants.' " *Sims*, 881 P.2d at 841 (quoting *Burkett*, 773 P.2d at 44). Accordingly, we address the issue this appeal raises, namely, whether the district court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction because plaintiff did not first appeal the Commission's decision to the Board.

### II. Exhaustion of Administrative Remedies

■ Plaintiff argues that he was not required to appeal the Commission's zoning decision to the Board because the Board was without jurisdiction to hear his appeal. Specifically, plaintiff argues that Utah County Zoning Ordinance (UCZO) 7–18.B.2 limits the Board to hearing appeals from actions of administrative agencies or officials. Thus, plaintiff contends, the Board has no authority to hear appeals from actions of the Commis-

---

1. Sundance argues that plaintiff's request for mandamus relief is facially inadequate. Our resolution of the merits of this appeal on the jurisdictional issue makes it unnecessary to address this argument.

2. Sundance conceded as much at oral argument.

sion because the Commission is neither an administrative agency nor an official.

Ordinance 7–18.B.2, a subsection of the procedural section 7–18 entitled "Action Taken by the Board of Adjustment, Approval, Denial," provides:

> To reverse any order, requirement, decision, or determination made in administering or interpreting the zoning ordinance *by any administrative official or agency;* or to decide in favor of any appellant who has been denied a permit or approval according to the terms of the zoning ordinance and who has requested a variance; it shall require the concurring vote of four members of the Board of Adjustment.

UCZO 7–18.B.2 (emphasis added).

The reading plaintiff urges of the underscored language brings section 7–18.B.2 into conflict with another section of the ordinance, namely, section 7–13, which sets forth the powers and duties of the Board. Section 7–13 states:

> The powers and duties of the Board of Adjustment shall be limited to the following:
>
> A. To hear and decide appeals from *any* order, requirement, refusal or other decision made in applying the zoning ordinance.

*Id.* 7–13.A (emphasis added). There is no dispute that the decision Mr. Bennion challenged below, that is, the approval of a plat, is a decision applying the zoning ordinance. If "any" means "any" then the Board must hear appeals from *any* decision applying the zoning ordinance. But, if Ordinance 7–18.B.2 were given the interpretation plaintiff urges, the Board could not hear some decisions applying the zoning ordinance, specifically, decisions of the Commission.

To resolve conflicts in interpretation of statutes or ordinances, we look to well-settled rules of statutory construction. First, "[i]n cases of apparent conflict between provisions of the same statute, it is the Court's duty to harmonize and reconcile statutory provisions, since the Court cannot presume that the legislature intended to create a conflict." *Madsen v. Brown,* 701 P.2d 1086, 1089–90 (Utah 1985). Further, "a provision treating a matter specifically prevails over an incidental reference made thereto in a provision treating another issue, not because one provision has more force than another, but because the legislative mind is presumed to have stated its intent when it focused on that particular issue." *Id.* at 1090.

Applying these rules to the present controversy, the interpretation plaintiff urges must fail. We presume that the legislative mind was focused on delineating the powers and duties of the Board in section 7–13, which is entitled "Powers and Duties of the Board." Nowhere in that section is there any limitation placed on the Board's power to hear appeals from decisions applying the zoning ordinance. Rather, the section gives the Board the power "[t]o hear and decide appeals from *any* order, requirement, refusal or other decision made in applying the zoning ordinance." UCZO 7–13 (emphasis added). We must read section 7–18.B.2 to harmonize with this clear expression of the Board's powers. We therefore conclude that the reference to "administrative official or agency" in section 7–18.B.2 does not limit the power of the Board to hear appeals from decisions administering or interpreting the zoning ordinance.[3]

Our construction of the ordinance is in accord with decisions emanating from the Utah Supreme Court. In *Merrihew v. Salt Lake County Planning & Zoning Commission,* 659 P.2d 1065 (Utah 1983), the court held that the plaintiff had not exhausted his administrative remedies and, thus, remanded to the trial court with an order that the plaintiff's petition for extraordinary writ be dismissed. *Id.* at 1067. The court relied on the following language from the former section 17–27–16 of the Utah Code:[4]

---

3. We note that there is no record support for plaintiff's contention that the Board refused jurisdiction of his appeal in this case.

4. That section, entitled "Appeals—Powers of board," was repealed in the course of the legislature's enactment of the new County Land Use Development and Management Act, Utah Code Ann. §§ 17–27–101 to 17–27–1003 (Supp.1994). The whole of Part 7 of that Act now governs the Board, and the language analogous to that found in the former section 17–27–16 is now found in

Upon appeals the board of adjustment shall have the following powers:

(1) To hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by *administrative official or agency* based on or made in the enforcement of the zoning resolution.

*Id.* at 1066 (emphasis added); *see* Utah Code Ann. § 17–27–16 (1953). The court concluded that because "[t]he revocation of the plaintiff's building permit *by the Planning Commission* was a decision made *by an administrative officer*," *Merrihew*, 659 P.2d at 1067 (emphasis added), the plaintiff had failed to exhaust his administrative remedies. *Id.* Thus, the court has interpreted the acts of "an administrative officer" to include those of a commission. *Id.; see also Hatch v. Utah County Planning Dep't*, 685 P.2d 550, 551 (Utah 1984); *Lund v. Cottonwood Meadows*

*Co.*, 15 Utah 2d 305, 392 P.2d 40, 42 (1964). Likewise, we conclude that the Commission is an administrative officer for purposes of the ordinance, and that the Board therefore had jurisdiction to hear plaintiff's appeal from the Commission's decision.[5]

■ Plaintiff also relies on language in section 17–27–704 for the proposition that the Board has no authority to hear appeals from decisions of the Commission. Section 17–27–704, which is part of the newly enacted County Land Use and Management Act, governs appeals to the Board. The section refers to the Board's authority to hear appeals from decisions "made by *an official* in the administration or interpretation of the zoning ordinance." Utah Code Ann. § 17–27–704 (Supp. 1994). We see no significant distinction between this language and the language of the ordinance. Moreover, we believe that section 17–27–703, which governs the powers

---

sections 17–27–703 and 17–27–704. That language now reads, at 17–27–703:

(1) The board of adjustment shall hear and decide:
(a) appeals from zoning decisions applying the zoning ordinance[.]

Utah Code Ann. § 17–27–703(1)(a) (Supp.1994). And, at section 17–27–704, the language now reads:

(1)(a)(i) The applicant or any other person or entity adversely affected by a zoning decision administering or interpreting a zoning ordinance may appeal that decision applying the zoning ordinance by alleging that there is error in any order, requirement, decision, or determination made by an official in the administration or interpretation of the zoning ordinance.

*Id.* § 17–27–704(1)(a)(i).

5. Plaintiff argues that we should not rely on the authority of *Merrihew, Lund* and *Hatch* (all cases in which the Utah Supreme Court ruled that dismissal was appropriate because the plaintiff had not first exhausted administrative remedies by appealing to the board of adjustment), because these cases were impliedly overruled by the Utah Supreme Court's holding in the subsequent case of *Sandy City v. Salt Lake County*, 827 P.2d 212 (Utah 1992). We disagree. In *Sandy City*, the court held that the plaintiff was not required to appeal to the board of adjustment before bringing suit in the district court because the board had no authority to hear the subject of the suit, namely the propriety of *rezoning legislation. Id.* at 220–21.

The court decided *Sandy City* under the former section 17–27–16, which provided that the Board

had the power to hear appeals from decisions "based upon or made in the course of the *administration or enforcement* of the provisions of the zoning ordinance." Utah Code Ann. § 17–27–16 (1953) (emphasis added). The current analogous statute, section 17–27–704, employs the same language, authorizing the Board to hear appeals from decisions "made by an official in the *administration or interpretation* of the zoning ordinance." *Id.* § 17–27–704 (Supp.1994) (emphasis added). Section 17–27–704 also contains additional language not found in the former section, which further clarifies the limits of the Board's authority. Subsection (3) provides:

(a) Only zoning decisions *applying the ordinance* may be appealed to the board of adjustment.

(b) A person may not appeal, and the board of adjustment may not consider, any *zoning ordinance amendments.*

*Id.* § 17–27–704(3) (emphasis added). Thus, the rezoning at issue in *Sandy City* was clearly not within the purview of the Board's power, being an amendment to the zoning ordinance rather than an application of it. *See Citizen's Awareness Now v. Marakis*, 873 P.2d 1117, 1122–26 (Utah 1994) (delineating distinction between legislative and administrative zoning decisions).

However, in *Merrihew, Lund,* and *Hatch,* appeals were taken from decisions *applying* the zoning ordinance, not decisions amending it, and thus the board had authority to hear those appeals. Similarly, in the present case, plaintiff appealed from an application of the zoning ordinance, namely, the approval of a plat. Thus, the Board had authority to hear his appeal. The principle of *Sandy City* is simply inapposite to cases involving application of the zoning ordi-

and duties of the Board, is the section germane to this controversy, and thus read section 17–27–704 to harmonize.[6] *See* discussion *supra* p. 4. Section 17–27–703 provides:

> (1) The board of adjustment shall hear and decide:
>
> > (a) appeals from zoning decisions applying the zoning ordinance[.]

*Id.* § 17–27–703. Section 17–27–703 places no limitations on the Board's authority to hear appeals from zoning decisions applying the zoning ordinance. We therefore hold that the applicable code sections, as well as the applicable ordinances, bestow upon the Board the authority to hear appeals from the Commission's decisions involving application of the zoning ordinance.

■ Plaintiff poses an alternative argument in the event we decide the Board did have jurisdiction to hear his appeal. He concedes that if the Board had jurisdiction, the court properly dismissed his action as to the Commission's land use decision pursuant to section 17–27–1001 of the Utah Code. However, he contends that section 17–27–1002 permits him to initiate mandamus proceedings against Sundance because Sundance was in actual violation of the zoning ordinance, and thus his complaint should not have been dismissed in its entirety.

Section 17–27–1001 provides in relevant part:

> (1) No person may challenge in district court a county's land use decisions made under this chapter or under the regulation made under authority of this chapter until they have exhausted their administrative remedies.

Utah Code Ann. § 17–27–1001(1). Section 17–27–1002 provides in relevant part:

> (1)(a) A county, county attorney, or any owner of real estate within the county in which violations of this chapter or ordi-

nances enacted under the authority of this chapter occur or are about to occur may, in addition to other remedies provided by law, institute:

> > (i) injunction, mandamus, abatement, or any other appropriate actions[.]

*Id.* § 17–27–1002(1) (1991).

Plaintiff's argument that section 17–27–1002 permits him to institute mandamus proceedings in district court against Sundance fails. The Utah Supreme Court addressed a substantially identical argument in *Lund.* There, the plaintiff contended that he was not required to exhaust available administrative remedies pursuant to section 17–27–16 (the predecessor to section 17–27–1001)[7] because the defendants were in violation of the zoning ordinance and, thus, section 17–27–23 (the predecessor to section 17–27–1002)[8] allowed an alternative course.

The court held that section 17–27–23 gives land owners a separate cause of action in the courts when a violation of a zoning resolution is charged. "But where, as in this case, the alleged violation of the ordinance arose from the administration of a zoning ordinance by an administrative officer or agency, as provided in Sec. 17–27–16, appeal from that administrative ruling should have been taken to the proper administrative tribunal," or the Board. *Lund,* 392 P.2d at 42. Likewise, plaintiff's complaint is with the Commission's decision that Sundance's plat complied with the zoning ordinance. We therefore hold that plaintiff was required to appeal that decision to the Board. Plaintiff has no separate cause of action against Sundance pursuant to section 17–27–1002.

Based upon the foregoing authority, we affirm the district court's dismissal of plaintiff's complaint.

---

nance, and plaintiff's reliance upon it is misplaced.

6. *See supra* note 4 for the full text of the relevant portions of sections 17–27–703 and –704.

7. *See* discussion of *Merrihew supra* pp. 1235–1236 (setting out text of former section 17–27–16); *see also Lund v. Cottonwood Meadows Co.,* 15 Utah 2d 305, 392 P.2d 40, 42 n. 3 (1964) (quoting Utah Code Ann. § 17–27–16 (1953)).

8. Section 17–27–23 provided that, in the case of a violation or a proposed violation of the act, "any owner of real estate within the district in which such building, structure or land is situated, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or any other appropriate action or actions" to prevent proposed violations. *Lund,* 392 P.2d at 42 n. 2 (quoting Utah Code Ann. § 17–27–23 (1953)).

## CONCLUSION

The Board has authority to hear appeals from decisions of the Commission involving enforcement or application of a zoning ordinance, and because plaintiff's complaint was with the Commission's approval of Sundance's plat, he was required to appeal that decision to the Board. We therefore affirm the district court's dismissal of plaintiff's complaint for failure to exhaust administrative remedies.

BENCH and WILKINS, JJ., concur.