2009 UT App 227

Tamra M. MARTIN, Petitioner
and Appellant,

v.

Anthony Neil COLONNA, Respondent
and Appellee.

No. 20071017–CA.

Court of Appeals of Utah.

Aug. 20, 2009.

Patricia Abbott, Provo, for Appellant.

Christian B. Bryner, Price, for Appellee.

Before Judges GREENWOOD, THORNE,
and ORME.

## OPINION

THORNE, Associate Presiding Judge:

¶1 Petitioner Tamra M. Martin appeals the district court's ruling dismissing her petition for a protective order. We reverse the district court's order and remand this matter for further proceedings consistent with this opinion.

## BACKGROUND

¶2 Martin is the daughter of Respondent Anthony Neil Colonna (Father) and Shauna Colonna (Mother). Martin lived with both of her parents until they divorced in 1997. At that time, Martin was ten years old, and she lived with Mother after the divorce.

¶3 Martin visited with Father six years ago, when she spent a week at his house with his wife and their newborn baby. Since then, Martin has seen Father on two other occasions. In July 2007, Mother had an encounter with Father's wife outside a store. In August, Father called Mother's house to speak to their son about a missing movie rental card. Martin answered the phone and spoke to Father, who was angry about the missing card. At the time of the phone call, Father was unaware that Martin was living with Mother.

¶4 On October 10, 2007, Father filed a motion for an order to show cause in the divorce case between Father and Mother. Martin was present when Mother was served with the order to show cause motion. On October 23, 2007, Martin filed her petition for a protective order. The district court issued an ex parte temporary order. The district court held an evidentiary hearing that both parties and their respective attorneys attended. The district court ultimately dismissed Martin's protective order petition, concluding that she was not a cohabitant and that no substantial likelihood of domestic violence existed to justify the granting of the protective order.

## ISSUES AND STANDARD OF REVIEW

¶5 Martin argues that the district court erred in concluding that she was not a cohabitant as defined in the Cohabitant Abuse Act since she had been subjected to abuse and that there is a substantial likelihood of abuse or domestic violence because Father threatened her during a phone call. Martin's arguments present questions of law that we review for correctness.[1] *See Corwell v. Corwell*, 2008 UT App 49, ¶6, 179 P.3d 821.

## ANALYSIS

¶6 Martin argues that the district court erred in denying her protective order petition based on its conclusion that she was not eligible for a protective order because she was not a cohabitant within the meaning of Utah law. The district court reasoned that any actual physical abuse had occurred when she was a minor child and that she had never been a cohabitant with Father after attaining her majority. Martin also argues that the district court erred in finding that there is not a substantial likelihood of domestic violence because the phone call in which Martin alleges Father threatened her was inadvertent and not intentionally made to seek Martin out and threaten her.

¶7 The statute provides two alternative grounds upon which Martin may seek a protective order, and states: "Any cohabitant who has been subjected to abuse or domestic violence, *or* to whom there is a substantial likelihood of abuse or domestic violence, may seek an ex parte protective order or a protective order in accordance with this chapter." Utah Code Ann. § 78B–7–103(1) (2008) (emphasis added); *see also State v. Hardy*, 2002 UT App 244, ¶17, 54 P.3d 645 ("Before a protective order may issue, a court *must* first conclude that the parties to the protective order are cohabitants, and that a cohabitant has been subjected to abuse or domestic violence, or ... there is a substantial likelihood of immediate danger of abuse or domestic violence." (emphasis added) (omission in original) (internal quotation marks omitted)).

1. Martin also argues that the district court erred by failing to prepare specific findings of fact concerning material incidents of abuse/sexual assault that Father had perpetrated against Martin. In light of our resolution of Martin's appeal on other grounds, we do not address this argument.

¶ 8 The statute in relevant part, defines "cohabitant" as an "emancipated person ... or a person who is 16 years or older who: ... (c) *is related by blood* ... to the other party." Utah Code Ann. § 78B–7–102(2)(c) (emphasis added). Cohabitant does not, however, include "the relationship of a natural parent, ... to a minor." *Id.* § 78B–7–102(3). Abuse is defined as "intentionally or knowingly causing or attempting to cause a cohabitant physical harm or intentionally *or* knowingly placing a cohabitant in reasonable fear of imminent physical harm." *Id.* § 78B–7–102(1) (emphasis added).

¶ 9 The district court dismissed Martin's petition, concluding that:

1. [Martin] was not a cohabitant of [Father] within the meaning of Utah law when any physical abuse occurred because she was a minor child of [Father].

2. [Martin] and [Father] have never been cohabitants after [Martin] attained her majority.

3. The telephone call between [Father] and [Martin] in 2007 was inadvertent as [Father] was unaware that [Martin] was at [Mother's] house.

4. There is not a substantial likelihood of domestic violence between the parties which would justify the granting of a protective order.

■ ¶ 10 The district court was correct in concluding that prior to attaining majority, Martin was not considered a cohabitant since the statute by its own terms excludes the relationship between a natural parent to a minor child from the definition of cohabitant. *See id.* § 78B–7–102(3). As a result, we see no error with the district court's ruling that any physical abuse Father caused Martin did not fall within the legislatively created statutory definition of abuse sufficient to justify the granting of a protective order on the first ground, since any physical abuse occurred when Martin was a minor and not considered a cohabitant of Father. *See id.* § 78B–7–102(1) ("'Abuse' means intentionally or knowingly causing or attempting to *cause a cohabitant physical harm* ...." (emphasis added)); *Bailey v. Bayles,* 2002 UT 58, ¶ 24 n. 8, 52 P.3d 1158 ("The controlling fact for the purposes of the statute, therefore, is not that the abuse took place eighteen months or more prior to the filing of a petition for a protective order, *but that [Petitioner] in fact suffered abuse at some point while [Petitioner] was a cohabitant.*" (emphasis added)).

■ ¶ 11 Martin is clearly related by blood to Father and since attaining her majority is therefore deemed a cohabitant by statutory definition. *See id.* § 78B–7–102(2)(c). As such, the district court erred in concluding that "[Martin] and [Father] have never been cohabitants after [Martin] attained her majority."

■ ¶ 12 After correctly determining that Martin was not entitled to a protective order based on any abuse suffered while she was a minor, and thus not a cohabitant, the district court considered whether Martin met the second ground which requires a showing that "there is a substantial likelihood of abuse or domestic violence." *See* Utah Code Ann. § 78B–7–103(1) (2008). The district court determined that the telephone call between Father and Martin was inadvertent as Father was unaware that Martin was at Mother's house, and "[b]ecause of that, the [c]ourt is not going to grant the protective order, because I don't have a firm basis to find that he intentionally sought her out and threatened her." This, however, is an inappropriate basis upon which to deny a protective order. Regardless of whether the contact between the parties was inadvertent it was necessary for the district court to determine whether Father intentionally threatened Martin during that call sufficient to place her in reasonable fear of imminent physical harm. The district court is not prohibited from taking into account any physical abuse occurring when Martin was a minor child that may contribute to the reasonableness of her fear of harm. *See id.* § 78B–7–102(1) ("'Abuse' means ... intentionally or *knowingly placing a cohabitant in reasonable fear of imminent physical harm.*" (emphasis added)); *Strollo v. Strollo,* 828 P.2d 532, 535 (Utah Ct.App.1992) ("The statute clearly protects those who are reasonably in fear of physical harm resulting from past conduct coupled with a present threat of future harm.").

¶ 13 The district court erred by failing to determine whether a threat occurred based on the district court's incorrect conclusion that it could not grant a protective order due to the inadvertence of the phone call. Therefore, we reverse and remand for further findings of fact surrounding the alleged threat.

### CONCLUSION

¶ 14 Martin is related by blood to Father and since attaining her majority is included in the statutory definition of a cohabitant. *See* Utah Code Ann. § 78B–7–102(2)(c). Under the terms of the statute, Martin is not entitled to a protective order relying solely on physical abuse occurring while she was a minor child and not yet satisfying the legal definition of a cohabitant. However, as a cohabitant (adult related by blood), Martin may now seek to obtain a protective order if she can demonstrate that there was a substantial likelihood of immediate danger of abuse or domestic violence or a reasonable fear of imminent physical harm.

¶ 15 The district court concluded that, because the alleged threat occurred during an inadvertent phone call and not a call targeted to Martin, there was not a substantial likelihood of domestic violence between the parties. Because the district court relied on this basis in its denial of the protective order, it did not consider whether Father intentionally or knowingly made a threat during that inadvertent phone call sufficient to place Martin in reasonable fear of imminent physical harm. As a result of the district court's failure to consider whether any threat occurred, we reverse the district court's ruling pertaining to substantial likelihood of abuse. We reverse and remand for proceedings to determine whether the alleged threat was made and whether this produced a reasonable fear. If Martin meets the statutory tests, she is entitled to a protective order.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.