2009 UT App 304

**Jennifer R. HEDGCOCK, Petitioner and Appellee,**

v.

**Lee E. HEDGCOCK, Respondent and Appellant.**

No. 20080970–CA.

Court of Appeals of Utah.

Oct. 22, 2009.

Zachary E. Peterson and Lincoln Harris, Salt Lake City, for Appellant.

Jennifer R. Hedgcock, West Jordan, Appellee Pro Se.[1]

Before Judges GREENWOOD, DAVIS, and McHUGH.

## OPINION

McHUGH, Judge:

¶ 1 Lee E. Hedgcock (Husband) appeals from the district court's entry of a protective order in favor of Jennifer R. Hedgcock (Wife).[2] Husband contends that there was insufficient evidence to support the entry of a permanent protective order and that he was entitled to an evidentiary hearing. We affirm.

## BACKGROUND

¶ 2 On July 28, 2008, Wife filed a notarized Request for Protective Order (the Request) in the district court. The Request indicated the following circumstances as the basis for Wife's belief that a protective order was appropriate:

> Previous domestic violence incidents during marriage; ongoing harassment and threats on my life since divorce proceedings started in January[ ] 2008.
>
> . . . .
>
> ... 02/14/08—[Husband] told me he would destroy me; 04/15/08—[Husband] told me that I am "an evil bitch" and that he was going to come after me; 04/20/2008—[Husband] said, "I'm going to kill you and ... [the man I was dating] one day"; 07/21/2008—My son ... told me that [Husband] had a new gun and demonstrated that it is a handgun. Later that day as [my son] was playing with a toy gun, he put it to my forehead between my eyes and said, "Daddy says he is going to shoot you between the eyes because you are not a nice person[."] 07/24/2008—[Husband] told me while he had the children that "if I knew what was good for me I would keep my doors locked."
>
> ... Since our separation [Husband] harassed me repeatedly by telephone, threatened to kill himself and the man I was dating, used drugs and watched my home from the neighbor's yard. During our marriage he was violent and physically abused me.
>
> ... [Husband] threatened me with physical harm during our marriage and struck me on three occasions.

¶ 3 Based on the Request, the district court entered an Ex Parte Temporary Protective Order (the temporary protective order), which was served on Husband on July 29, 2008. On August 12, 2008, a domestic commissioner heard argument on whether the temporary protective order should be made permanent.[3] During that hearing, Husband argued that any allegations that had been included in a prior protective order, which was dismissed upon stipulation of the parties to have mutual restraining orders entered instead, could not be considered by

---

1. Wife did not provide a brief in this matter.

2. At the time the protective order was entered, the parties were involved in divorce proceedings.

3. The parties prepared and stipulated to the accuracy of a transcript of the hearing before the commissioner, which transcript is contained in the record.

the court. Husband also objected to the allegation in the Request based on a statement from the parties' son on the ground that it was hearsay. Finally, Husband denied that he threatened Wife or that he owned a handgun.

¶ 4 The commissioner recommended that a permanent protective order be granted based on her conclusion that, consistent with Wife's allegation, Husband had threatened Wife on July 24, 2008. In reaching that determination, the commissioner stated, "[Husband] has not denied ... during the course of this hearing, that the statement was made." Husband filed objections to the commissioner's recommendations, arguing that Husband had expressly denied making the threat that forms the basis of the commissioner's decision. The district court entered the permanent protective order on September 4, 2008.

¶ 5 On September 18, 2008, Wife filed a request for a hearing and informed the district court that "on September 6, 2008, [Husband] broke into [Wife]'s home in violation of the [permanent] Protective Order entered in this case." Wife attached copies of the related police report. That report states,

This is a[n] Aggravated Burglary/Protective Order Violation report. [Wife, her male friend, and her two children] returned home to find [Husband] in [their] home. [The male friend] was assaulted. [Wife] had a valid Protective Order against ... [Husband]. Several witnesses identified ... [Husband] as he ran to his vehicle and drove away. [Husband] was taken into custody at his home address then booked in the Salt Lake County Jail on charges.

¶ 6 Husband filed a reply to the request for hearing. Although Husband indicated that he had no objection to a hearing, he did object to Wife's notification of the subsequent violation of the protective order and asked that the information be stricken. Husband claimed that consideration of the information of Husband's entry into Wife's home and assault of her friend was "inappropriate as it does not address the issues raised in [Husband]'s objection—that as a matter of law the protective order should not have been entered." Wife filed a Motion to Amend the Protective Order in light of the break-in, which motion was supported by Wife's affidavit relating her testimony concerning the break-in. Husband objected to the amendment as "untimely and procedurally inappropriate."

¶ 7 After a telephone conference with counsel for both parties, the district court entered the minutes, which state,

Based upon discussions, the Court orders:

1. *An evidentiary hearing is not required.*

2. [Husband]'s counsel has a copy of the CD and will prepare a transcript of the hearing with the Commissioner. Both counsel are to agree on the transcript produced.

3. A half hour hearing will be held on October 21, 2008 at 9:00 am on the objections to the Commissioner's recommendation and the motion to expand the order.

(Emphasis added.) There is no indication in the record that either party objected to the district court's conclusion that, based on the discussions during the telephone conference, an evidentiary hearing was not required.

¶ 8 On October 21, 2008, the district court conducted the non-evidentiary hearing. After considering the arguments of counsel, the district court denied the motion to dismiss the protective order and granted the motion to modify it. The district court explained,

[T]here's one area in which I disagree with the Commissioner, that area is, I believe that I can look at the totality of the petition to determine whether or not there is sufficient evidence to enter a protective order and ... I believe that I don't need to just look at one statement in isolation, which has been denied. I believe that I can look at all of the allegations that are in the petition to determine whether or not there is a sufficient basis for that protective order to enter.

And so, in looking at all of the allegations, I find that the Commissioner did not make an error and entered an appropriate recommendation, albeit on a differen[t] basis than I find.

And so, further, based upon that, as well as the subsequent event, I'm going to order that the protective order be modified to include [Wife's] request about staying away from the residence and also allowing for limited contact for child issues by texting.

Despite the district court's question, "Is there anything I've [left] out anybody is concerned about?," neither party raised any concerns or requested an opportunity for an evidentiary hearing. On November 18, 2008, Husband filed this appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 9 Husband appeals the entry of the protective order on the grounds that there was "no supporting evidentiary basis" for it. "When an appellant is essentially challenging the legal sufficiency of the evidence, a clearly erroneous standard of appellate review applies." *Hi–Country Estates Homeowners Ass'n v. Bagley & Co.*, 2008 UT App 105, ¶ 10, 182 P.3d 417 (internal quotation marks omitted), *cert. denied,* 199 P.3d 970 (Utah 2008).

## ANALYSIS

¶ 10 First, Husband argues that Wife's Request described two incidents that had been the subject of a prior protective order, which the parties had dismissed by stipulation. On appeal, Husband reasons that because the prior protective order had been dismissed, "these allegations could not be part of the petition for [the] protective order that is at issue in this case." However, at the hearing before the commissioner, Husband's counsel acknowledged that "any instance that happened prior to [the dismissal of the previous order] would ... be considered only for prior alleged domestic abuse." Additionally, in the Request and at the hearing before the commissioner, Wife indicated that during the marriage Husband threatened her with physical harm "and struck [her] on three occasions."

■ ¶ 11 Husband now argues that the prior events of domestic abuse were too re-

mote in time to be considered as part of the Request.[4] However, the Cohabitant Abuse Act states, "The court may not deny a petitioner relief requested pursuant to this chapter solely because of a lapse of time between an act of domestic violence or abuse and the filing of the petition for an order of protection." Utah Code Ann. § 78B–7–110 (2008). Furthermore, this court has stated that "if past abuse is coupled with a present threat of future abuse, a person may seek a protective order." *Strollo v. Strollo,* 828 P.2d 532, 534 (Utah Ct.App.1992). Thus, if the district court could "make a determination from the face of the pleadings" that there was a present threat of abuse, entry of the protective order was proper. *Id.* at 535.

¶ 12 Husband next asserts that the commissioner relied entirely on a single alleged threat, which Husband contested, in recommending that the protective order be made permanent. However, the district court did not limit its ruling to that one alleged threat. Rather, the district court considered all of the allegations in the Request, as well as the information that subsequent to the entry of the permanent protective order, Husband broke into Wife's home, hid in a bedroom closet, and assaulted Wife's friend.

■ ¶ 13 Husband contends that the totality of the allegations cannot support the protective order because he contested the threat of future harm specifically alleged in Wife's Request. Husband therefore claims that the court erred by entering a permanent protective order without first holding an evidentiary hearing concerning the allegation. A district court should hold an evidentiary hearing when it cannot make a determination as to whether a protective order is appropriate on the face of the pleadings. *See id.* However, there is nothing that prevents a party from waiving the right to present evidence at the hearing challenging a protective order.

■ ¶ 14 Here, after the telephone conference to schedule the hearing, the district court issued a minute entry expressly stating, "Based upon discussions, the Court orders: ... An evidentiary hearing is not re-

---

4. At the hearing before the commissioner, Wife stated that the acts of physical abuse occurred between February 2006 and July 2007. She filed the Request on July 28, 2008.

quired." Husband never challenged the district court's characterization of what was decided during the telephone conference and likewise never requested an evidentiary hearing. Indeed, after the district court announced its ruling at the end of the hearing, it invited counsel to come forward with anything the district court had overlooked. Again, Husband made no objection that he was denied an evidentiary hearing and made no request to present evidence, either on that day or at a later date. The record reflects that the parties discussed what would transpire at the hearing during a telephone conference, that the court summarized what had been decided during that conference, and that the parties had agreed that no evidentiary hearing was necessary. Under these circumstances, we cannot say that the district court erred in not conducting an evidentiary hearing before entering the permanent protective order.

¶ 15 Furthermore, Husband overlooks his subsequent arrest and Wife's Motion to Amend Protective Order. Here, Wife provided uncontroverted evidence of Husband's arrest in the form of a police report and her affidavit submitted in conjunction with her motion to modify the protective order. Indeed, at the hearing before the district court, Husband conceded that he had been charged in connection with the event. *See generally* Utah Code Ann. § 78B–7–109(1) ("At any hearing in a proceeding to obtain an order for protection, each party has a duty to inform the court of ... each criminal case involving either party...."). The court, therefore, was in a position to consider Husband's arrest. *See generally id.* § 78B–7–106(1)(b) ("If it appears from a petition for an order for protection or a petition to modify an order for protection that domestic violence or abuse has occurred or a modification of an order for protection is required, a court may ... upon notice, issue an order for protection or modify an order after a hearing...."). Accordingly, the district court did not err in rejecting Husband's objections to the protective order becoming permanent and in modifying the order to allow correspondence regarding the children via text message only.[5]

## CONCLUSION

¶ 16 The district court had sufficient evidence to support the entry of a permanent protective order against Husband and to modify it following Husband's arrest for violation of that order. Further, where Husband participated in a telephone conference during which the parties agreed to proceed without an evidentiary hearing and Husband failed to challenge the district court's decision to consider Husband's objections to the entry and modification of the permanent protective order without such an evidentiary hearing, he has waived his right to challenge the district court's order on the basis that it was issued without first holding an evidentiary hearing. Affirmed.

¶ 17 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and JAMES Z. DAVIS, Judge.

---

5. Husband also argues that Wife's description of a statement made by the couple's son was inadmissible hearsay. Because we affirm the district court on the grounds stated in our decision, we need not address this argument.